The People of the State of New York, Respondent, *v.* Leo Shingles, Appellant.

Third Department, May 13, 1953.

*Albert Jakobson, Benedict S. Rosenfeld* and *George Kaminsky* for appellant.

*Charles E. Bowers, District Attorney,* for respondent.

IMRIE, J. The defendant was convicted in St. Lawrence County Court on June 19, 1952, after trial by jury, of violation of section 1141 of the Penal Law, and has appealed to this court.

The indictment charged defendant with the crime of possessing obscene printed matter with intent to sell, in violation of said section, in that at Ogdensburg in the county of St. Lawrence he possessed with intent to sell and distribute books, booklets, pamphlets and playing cards, containing obscene, lewd, lascivious, filthy, indecent and disgusting pictures, photographs, figures and images, and indecent printed matter. Prior to trial he demurred to the indictment and on this appeal urges that it was fatally defective and insufficient to describe the subject matter of the crime adequately, relying upon *People* v. *Zambounis* (251 N. Y. 94 [1929]). As the indictment complies sufficiently with the requirements of sections 295-b and 295-c of the Code of Criminal Procedure, which sections were added by chapter 176 of the Laws of 1929, the demurrer was properly denied.

One De Laire, on direct examination as a witness for the People, denied that he had ever bought any literature from

defendant. Undoubtedly surprised, the prosecution, over objection, examined him concerning previous contradictory declarations, which he admitted having made to the District Attorney. Called later as a witness for the defendant, he was cross-examined at length as to his sworn statements on an examination before a Magistrate and before the Grand Jury likewise contradictory of his testimony in chief. During that examination such statements were read to him and admitted by him to be the ones he had made previously, though he held to his testimony exculpating the defendant.

In his instructions to the jurors the trial court made no comment as to such questioning and testimony of De Laire. Whether or not the District Attorney's examination constituted a probing of De Laire's memory or was by way of impeachment of the witness, the prior sworn but conflicting statements by him, though admissible (Code Crim. Pro., § 8-a), did not constitute affirmative evidence against defendant but went to the credibility of the witness.

The People produced as witnesses one Hawes, who had formerly been in the defendant's employ, and a Mrs. Barkley, a customer or visitor at De Laire's store in Norwood. Hawes testified that, between September, 1949, and July, 1951, defendant furnished him booklets similar in character to those which had been found in the former's place of business, of which the witness sold some at the prices fixed by defendant and paid the proceeds to him. Mrs. Barkley swore that on three occasions in the fall of 1951 she was present in De Laire's store when defendant delivered books of the same type and on one occasion apparently received a check from De Laire.

Granting that such testimony was elicited as evidence tending to show a common scheme or plan of operation and as bearing on intent, the trial court failed to give any instruction to the jurors as to the manner of their consideration of it.

On cross-examination defendant admitted previous convictions of misdemeanors growing out of the possession of slot machines. No instruction was given to the jurors as to the legal effect of such admission by him.

It is true that defendant made no request for any instruction to the jurors and no exception to the charge. It is the duty of the trial court to instruct the jury as to " the legal principles which apply to and govern the facts, proved or presumed, in the case * * *. The proper procedure is for the court to state correctly in the charge both the claims made by the prosecution, and those made by the defendant, and the theories

which the evidence for each, respectively, tends to establish. * * * By section 527 of the Code of Criminal Procedure the Appellate Division has very broad powers of review. Under the provisions of that section we are authorized to grant a new trial when satisfied that the verdict is against the evidence or against the law or that justice requires it whether any exception shall have been taken in the court below or not." (*People* v. *Viscio,* 241 App. Div. 499, 503.)

The omissions of instructions to the jurors, to which we have already referred, coupled with the failure to present to them the conflicting claims of the People and the defendant, constitute such a denial of defendant's rights to a fair trial as to require a reversal of the judgment and a new trial in the interests of justice. In view of this determination it will not be necessary to comment upon various other errors urged by the defendant as calling for reversal.

The judgment of conviction should be reversed on the law and the facts and new trial granted.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment of conviction reversed, on the law and facts, and a new trial granted.