■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DOWNS, Appellant. [599 NYS2d 865] —Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered January 30, 1985, convicting him of criminal use of drug paraphernalia in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree, upon jury verdicts, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's use of drug paraphernalia. The People established that the defendant exercised dominion and control over the drug paraphernalia found in both the car he was driving when he was arrested and the dresser drawers of his bedroom (see, People v Manini, 79 NY2d 561, 573). An intent to use such drug paraphernalia to package and sell narcotics can be inferred from the fact that a large quantity of drug paraphernalia was found (see, People v Way, 147 Misc 2d 821, 826). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the conviction for criminal possession of a controlled substance, the issue of legal sufficiency is not preserved for appellate review (see, CPL 470.05 [2]). In any event, the evidence established that the defendant did possess the cocaine found in a cigarette package which belonged to him. As to the defendant's contention that the police officer's testimony was incredible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.