(July 17, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATILANO G. GAMEZ, Appellant. [660 NYS2d 196] —Peters, J. Appeals (1) from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 10, 1993, upon a verdict convicting defendant of two counts of the crime of conspiracy in the second degree, and (2) by permission, from an order of said court (Bruhn, J.), entered November 20, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

A December 1982 indictment against defendant and codefendant Rudy Kellerman charged them with two counts of conspiracy in the second degree. This indictment came after an investigation which included a series of police-monitored and recorded telephone conversations between defendant, Kellerman and Eric Heinze, an associate of defendant who turned informant after being arrested for cocaine trafficking. Although a bench warrant was promptly issued for defendant's arrest, he was not returned to Ulster County until over a decade later. Upon his arrival on July 21, 1993, defendant's case was scheduled and thereafter tried on November 15, 1993. Upon his conviction, defendant was sentenced to two concurrent prison terms of 8¹/₃ to 25 years. He appeals from this judgment of conviction and, by permission, from the order denying his motion pursuant to CPL 440.10.

Defendant contends that his counsel's failure to move to dismiss the indictment on various speedy trial grounds deprived him of effective assistance. Contrary to his assertions, no violation of CPL 30.30 occurred.[1] As relevant here, the statute provided that in computing the time period within which the People must be ready for trial, "the period of delay resulting from the absence or unavailability of the defendant" should be excluded (CPL former 30.30 [4] [c]). "Absence" can be found when a defendant's location is unknown and he or she is attempting to avoid apprehension or prosecution, or when the location cannot be determined by due diligence (*id.*). The record establishes that this defendant, during most of the 11-year period at issue, was a fugitive from justice, avoiding apprehension by using numerous aliases to thwart his discovery (*see*, *People v Sigismundi*, 89 NY2d 587). Accordingly, no showing of "due diligence" was required (CPL former 30.30 [4] [c]).

Equally unavailing is defendant's ineffective assistance claim, which is premised on defense counsel's failure to move to dismiss the indictment for an alleged violation of CPL 30.20. Applying the factors set forth in *People v Taranovich* (37 NY2d 442), we find no unconstitutional delay, particularly in light of defendant's efforts to evade apprehension and prosecution, combined with the lack of any demonstrable prejudice caused by such delay (*see*, *People v Washington*, 233 AD2d 684; *People v Cunningham*, 222 AD2d 727, *lv denied* 87 NY2d 1018; *People v Kindlon*, 217 AD2d 793, *lv denied* 86 NY2d 844).

Defendant's final ineffective assistance claim concerns defense counsel's failure to pursue a speedy trial violation predicated upon the Interstate Agreement on Detainers (CPL 580.20) (hereinafter IAD). The record reflects that during defendant's incarceration in the Federal correctional facility in Virginia, the District Attorney filed a certified copy of the bench warrant for defendant's arrest on November 23, 1992, which was to act as a detainer, together with a formal request for temporary custody (*see*, CPL 580.20). In compliance with article IV of CPL 580.20, defendant was tried within 120 days of his arrival in Ulster County. Defendant contends that article III, rather than article IV, applies since after the filing of the detainer, he executed a request that the charges be disposed of within 180 days pursuant to CPL 580.20. As the record contains no writing, as required by CPL 580.20, article III (a), indicating that defendant so advised the appropriate New York authorities of his invocation of the 180-day time limit, the pro-

---

1. The statutory amendment implemented through the Laws of 1996 (ch 631), which amended CPL 30.30 (4) (c), does not affect the instant matter.

visions invoked by the People under article IV of the IAD are controlling (*cf., People v McBride*, 44 NY2d 1001).[2]

Defendant's alleged trial errors are equally unavailing. Review of his claim that he was denied his right to participate in his own defense by being prevented from hearing and participating in voir dire is foreclosed since such claim was resolved by decision dated March 17, 1997 (Bruhn, J.) from which defendant has failed to take an appeal (*see, People v Hoppe*, 239 AD2d 777; *People v Harden*, 40 AD2d 835).

Similarly unavailing is defendant's contention that County Court erred when it failed to charge the jury that the People's chief witness, Heinze, was an accomplice as a matter of law (*see*, CPL 60.22). Since defendant neither requested such charge nor objected to County Court's failure to so charge, the issue is unpreserved for review (*see, People v James*, 75 NY2d 874) and we decline to exercise our interest of justice jurisdiction to reverse.[3] As to defendant's final challenge to the court's charge concerning reasonable doubt, we again note defendant's failure to properly object. Having failed to adequately preserve the issue (*see, People v Allen*, 69 NY2d 915), we again decline to reverse under our interest of justice jurisdiction.

Further, considering defendant's remaining contentions, we conclude that they are equally without merit.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.

**2.** Had we credited defendant's contention that his request for disposition should take precedence over that of the People, we would find that the People could not be penalized for their inability to try defendant within the statutory time frame. By his own conduct, defendant "subjected himself to prosecution by both Federal and State authorities", making the period of his Federal detention not chargeable to the People (*People v Vrlaku*, 73 NY2d 800, 802).

**3.** Heinze's prior criminal activities with defendant may well have rendered him an accomplice. However, with regard to the crimes presently before this Court, Heinze's conduct could not have subjected him to sanctions of a penal character (*see, People v Wing*, 77 NY2d 851, 852). "Hence, the indispensable prerequisite for accomplice status, that is, potential penal liability for participating in defendant's crimes, was not present" (*People v Fielding*, 39 NY2d 607, 611).