■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAEL FELLS, Appellant. [718 NYS2d 458] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered March 17, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

Defendant was indicted (with others) by a Grand Jury on one count of criminal possession of a controlled substance in

---

the second degree, charging him with possessing cocaine in an amount greater than two ounces, and one count of criminal possession of a controlled substance in the third degree, charging him with possessing cocaine with the intent to sell it. The events leading to defendant's arrest and subsequent indictment began the morning of June 24, 1995 in the City of Schenectady, Schenectady County, when Police Officers Nicola Messere and Sheila Barnes noticed an unknown male on the porch of an apartment house they characterized as a "crack house." When the officers stopped their marked police vehicle and attempted to talk to this individual, he went inside the first floor apartment. Messere followed, knocking on the front door which was answered by James Harris, whom Messere knew to be the tenant of the apartment from a police call to this location some weeks earlier. Messere asked Harris if he could talk to the person who just went in the apartment and was directed by Harris to the bedroom. Upon arriving at the doorway to the bedroom, which had no door, Messere observed five individuals lying on the floor and, *inter alia*, two plastic bags of what appeared to be rocks and white powder, which were later determined by laboratory tests to be cocaine. Defendant and the others in the bedroom were arrested.[1]

Defendant filed several motions and sought discovery. County Court denied without a hearing his motion to dismiss the indictment based on an alleged violation of his right to testify before the Grand Jury in clothing other than a jail uniform. Defendant's attempt to suppress the use of the cocaine seized in the bedroom as evidence, based on his claim that it was discovered as a result of an unreasonable search and subsequent seizure performed in violation of his State and Federal constitutional rights, was also denied by County Court after a hearing.

Defendant proceeded to trial and was convicted by a jury on both counts of the indictment. Prior to sentencing defendant moved[2] to vacate his conviction, claiming that the People violated CPL 240.45 (1) by failing to disclose that their witness Harris, who testified at defendant's suppression hearing and at the trial, had been indicted for criminal facilitation in the second degree stemming from his involvement with defendant and the cocaine seized at his apartment. County Court ruled

1. Harris was arrested on an outstanding driving while intoxicated warrant, not on charges related to the cocaine.

2. Defendant's motion, titled a "Motion Pursuant to CPL 440.10," was made prior to sentencing and should have been made pursuant to CPL 330.30.

that the People knowingly violated CPL 240.45 (1) but found that defendant failed to demonstrate a reasonable probability that the result of the trial would have been different if the indictment had been disclosed, and denied the motion on the merits. Defendant was sentenced to concurrent prison terms of 10 years to life for criminal possession of a controlled substance in the second degree and 10 to 20 years for criminal possession of a controlled substance in the third degree. He now appeals.

On appeal defendant argues that County Court erred in not dismissing the indictment on the ground that he was unfairly prejudiced by requiring him to wear prison garb while testifying before the Grand Jury; that the police pursuit of the man on the porch of the apartment was not supported by the necessary reasonable suspicion and the drugs seized as a consequence of that pursuit should have been suppressed; that the shining of a flashlight by the police into defendant's room constituted an unreasonable search requiring suppression of the drugs seized therein; that the People's failure to disclose to the defense the pending indictment against the People's witness Harris requires a reversal of defendant's conviction; that County Court erred in failing to give the jury an accomplice charge; and that defendant received ineffective assistance of counsel.

On this record, defendant's claim that he was unfairly prejudiced when the District Attorney required him to wear his jail uniform while testifying before the Grand Jury does not require dismissal of the indictment. In reviewing defendant's argument on this issue, we are mindful that the Fourth Department has concluded that it would be improper for a prosecutor to compel a defendant to wear jail clothing when testifying before the Grand Jury absent curative instructions from the prosecutor to dispel any prejudice (see, People v Di Fondi, 275 AD2d 1018). While the record establishes that defendant testified before the Grand Jury, we are unable to determine whether any curative instruction was given here as the Grand Jury minutes are not part of the record before us.

Notwithstanding the absence of those Grand Jury minutes, the record reveals that County Court ruled twice on the merits of defendant's motion seeking dismissal of the indictment based on his claim he was not afforded a "full, fair opportunity to testify before the Grand Jury which heard the matter." There is nothing in defendant's pretrial motions in the record, nor any claim in his brief on appeal, that a proper curative instruction (see, e.g., People v Fields, 262 AD2d 793, 795, lv denied 93 NY2d 1017) was not given to the Grand Jury in this instance.

Moreover, to avoid the problem of belated attacks on indictments based upon some infirmity with regard to a defendant being permitted to testify before that Grand Jury, CPL 190.50 (5) (c) imposes a five-day time limitation from the date of arraignment in which to make such a motion. As a consequence, the motion here appears to be untimely as defendant was arraigned on August 11, 1995 and the motion was not filed until on or about October 13, 1995. Defendant is therefore not entitled to dismissal of the indictment on this issue.

Defendant next mounts a two-pronged attack on the seizure of the drugs found by the police in the bedroom of Harris' apartment, claiming (1) that these drugs should have been suppressed because the police pursuit of an unknown individual observed standing on the porch of the apartment which resulted in the police presence outside the bedroom was not supported by reasonable suspicion, and (2) that Messere's shining of a flashlight into the room constituted an unreasonable search of the room. In a written decision after a suppression hearing, County Court refused to suppress the drugs and we note that those findings are accorded great weight (*see, People v McKenzie*, 263 AD2d 778, 779, *lv denied* 93 NY2d 1045; *People v Pugh*, 246 AD2d 679, 681, *lv denied* 91 NY2d 976). We also conclude that defendant's argument that no reasonable suspicion existed for pursuit of the unidentified male into the apartment is meritless since there was no pursuit. The record reflects that Messere was admitted into the apartment voluntarily by Harris after Messere knocked on the door. Messere knew Harris to be a lawful tenant of the apartment and a lawful search without a search warrant may be conducted if entry is obtained through the "voluntary consent of one possessing the requisite authority or control over the premises" (*People v Harris*, 274 AD2d 837, 839; *see, People v Corniel*, 258 AD2d 812, 813, *lv denied* 93 NY2d 968). There is nothing in the record supporting defendant's claim that he rented the bedroom from Harris and had a heightened expectation of privacy for that area. Additionally the room had no door and its occupants and contents were subject to plain view from the apartment's common area where Messere was standing when he observed the drugs in the bedroom.

As to the legal propriety of Messere's use of his flashlight to scan the bedroom, we note that the record contains no proof that the drugs would not have been discovered absent the use of the flashlight as this incident occurred at 9:00 A.M. and the bedroom had a window with thin curtains. Further, the shining of a flashlight into an area of plain view has been deter-

mined not to amount to an unreasonable intrusion (*see, People v Cruz*, 34 NY2d 362, 370, *amended* 35 NY2d 708; *People v Evans*, 175 AD2d 456, *lv denied* 79 NY2d 856). As Messere was lawfully standing in the kitchen of the apartment and testified, without contradiction, that at least one of the plastic bags containing the substance which appeared to be cocaine was visible through the unencumbered doorway, thus in "plain view" (*see, People v Basilicato*, 64 NY2d 103, 115), suppression of the drugs was properly denied by County Court.

Defendant next argues that the People's failure to disclose to defendant a pending indictment against one of their witnesses, Harris, requires reversal of defendant's conviction. Harris, the tenant of the apartment, testified as a witness for the People at the trial and suppression hearing. While Harris was not arrested with defendant and the others on drug charges on June 24, 1995, he was thereafter indicted for criminal facilitation in the second degree for permitting defendant and the others to sell drugs out of his apartment, conduct he acknowledged in a statement to the authorities made on or about the date of defendant's arrest and provided to the defense. Harris' indictment, while sealed, was known to the People prior to Harris' testimony and not revealed to the defense which discovered the existence of the indictment subsequent to defendant's conviction but prior to his sentencing. Defendant immediately moved to have the conviction vacated based on this alleged violation of CPL 240.45 (1) (c). Although County Court found that the actions of the People constituted a knowing violation of the statute, it also found that the defense failed to show a reasonable probability that the result of the trial would have been different had the indictment been disclosed and refused to overturn defendant's conviction. Upon our review of this record, we find no reason to disturb County Court's determination (*see, People v Hernandez*, 210 AD2d 535, 536, *lv denied* 84 NY2d 1032).

Defendant next argues that he was entitled to have the jury instructed that Harris was an accomplice (CPL 60.22) and that it was error for County Court not to do so. Initially, defendant acknowledges that no such charge was requested during the trial and the record reflects that he did not object to County Court's actual jury instructions, so this issue has not been preserved for review as a matter of law (*see*, CPL 470.05 [2]; *People v Gillyard*, 258 AD2d 381, *lv denied* 93 NY2d 970; *People v Carey*, 241 AD2d 748, 749, *lv denied* 90 NY2d 1010). Defendant requests that we reverse his conviction on this issue in the interest of justice. Because we do not find Harris to be an accomplice as a matter of law, we decline to do so.

An accomplice is someone who "may reasonably be considered to have participated in \* \* \* [t]he offense charged" (CPL 60.22 [2] [a]). A finding that a person is an accomplice as a matter of law is "only appropriate where the 'undisputed evidence establishes [the] witness is an accomplice'" (*People v Gerenstein*, 179 AD2d 930, 933, *lv denied* 79 NY2d 1049, quoting *People v Basch*, 36 NY2d 154, 157). While a witness who pleads guilty to a crime arising out of the same transaction or circumstances resulting in a defendant's charge is an accomplice as a matter of law (*see, People v Sweet*, 78 NY2d 263, 267), that is not the case here. Indeed, the proof demonstrated Harris' lack of involvement with defendant's drug sales from Harris' apartment as Harris often left the premises and spent evenings with friends away from his apartment while defendant was present, and at other times sat outside the apartment drinking beer rather than be involved with any transactions by defendant. We find that the record does not contain "undisputed evidence" establishing that Harris was an accomplice of defendant, and consequently County Court's failure to give an accomplice charge does not require reversal of defendant's conviction.

Finally, defendant argues that he was afforded ineffective assistance of counsel, premising this claim solely on his counsel's failure to request an accomplice charge (*see, People v Forbes*, 203 AD2d 609, 611). Having previously determined that Harris was not an accomplice of defendant as a matter of law, we find no merit to this claim. Further, our review of the record reveals that defendant received "meaningful representation" (*see, People v Benevento*, 91 NY2d 708, 712) from his attorney who made appropriate and comprehensive pretrial motions, conducted pretrial hearings and examination of witnesses at the trial, made timely and appropriate objections and attacks on the People's proof (*see, People v Powers*, 262 AD2d 713, 716, *lv denied* 93 NY2d 1005). We decline to disturb defendant's conviction based on his claim of ineffective assistance of counsel.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.