The People of the State of New York, Respondent, v Sheldon Leffler, Appellant. [786 NYS2d 474]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered January 9, 2004, convicting defendant, after a jury trial, of conspiracy in the fifth degree, attempted grand larceny in the third degree, offering a false instrument for filing in the first degree (three counts), attempted defrauding the government, and furnishing false or fictitious evidence in violation of Administrative Code of the City of New York § 3-711, and sentencing him to concurrent terms of five years' probation, a conditional discharge on each of the misdemeanor convictions, 540 hours of community service and a $5,000 fine, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. There was extensive evidence of defendant's guilt, including unequivocally incriminating taped conversations in which defendant discussed the illegal fund-raising schemes at issue.

Defendant waived his argument that the court erred by failing to give an accomplice as a matter of law charge regarding defendant's three coconspirators (CPL 60.22 [1]), when his trial counsel expressly requested that the court not give this charge

so as to avoid any implication that defendant was, in fact, involved in a conspiracy (*see e.g. People v Matta*, 286 AD2d 944, 945 [2001], *lv denied* 97 NY2d 731 [2002]; *cf. People v Leon*, 121 AD2d 1, 6 [1986], *lv denied* 69 NY2d 830 [1987]). Defendant was not denied effective assistance of counsel by his lawyer's carefully reasoned decision in this respect. Counsel had a clear trial strategy of portraying defendant as an entirely innocent man with an impeccable reputation, who would never have been involved in such a scheme, while the codefendants were the actual culprits, who were testifying against defendant only to save themselves. Given this trial strategy, counsel did not want the jury to associate defendant with any conspiracy or to speculate that a conspiracy had already been found and that the only question was corroboration. This represents mere losing tactics, not ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Furthermore, there was substantial corroboration for the accomplice testimony, and defendant would have derived no benefit from an accomplice charge (*see e.g. People v Maynard*, 299 AD2d 303 [2002], *lv denied* 99 NY2d 630 [2003]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.