THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. HINES, Also Known as FRANCIS WHITE, Appellant. [806 NYS2d 737]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 14, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree.

Defendant and Yolanda King were charged in an indictment with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree. The charges arose out of an incident in which police officers responding to an emergency "hang-up call" regarding a possible assault discovered defendant exiting and King in an apartment bedroom that contained drug paraphernalia and a large quantity of crack cocaine in open view. Following trial, defendant was convicted as charged and sentenced as

a second felony offender to an aggregate prison term of 10 years to life.* Defendant appeals and we now affirm.

Initially, defendant argues that reversal is required because County Court failed to instruct the jury that King and Jeanette Hines, the tenant of the apartment in which defendant and the drugs were found, were accomplices as a matter of law and, therefore, their testimony required corroboration (*see generally People v Sweet*, 78 NY2d 263, 267 [1991]; *People v Minarich*, 46 NY2d 970, 971 [1979]; *People v Jenner*, 29 NY2d 695, 696-697 [1971]). Defendant concedes that the issue is unpreserved with respect to Hines, and counsel specifically requested that the court not give the charge with respect to King (*see People v Leffler*, 13 AD3d 164, 164-165 [2004], *lv denied* 4 NY3d 800 [2005]; *People v Fells*, 279 AD2d 706, 710 [2001], *lv denied* 96 NY2d 758 [2001]; *People v Gamez*, 241 AD2d 693, 695 [1997], *lv denied* 91 NY2d 892 [1998]). Nevertheless, defendant asserts that the failure to give the charge deprived him of a fair trial inasmuch as the People's case rested substantially on the testimony of King and Hines, and maintains that counsel's request that the court not give the charge amounted to ineffective assistance of counsel (*see People v Artis*, 182 AD2d 1011, 1013 [1992]; *People v Arnott*, 143 AD2d 761, 763 [1988]; *see also People v Green*, 170 AD2d 1024, 1024-1025 [1991], *lv denied* 78 NY2d 966 [1991]). We disagree.

"[A] 'witness is an accomplice as a matter of law only if the jury could reasonably reach no other conclusion but that he [or she] participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged' " (*People v Caban*, 5 NY3d 143, 153 [2005], quoting *People v Besser*, 96 NY2d 136, 147 [2001]; *see* CPL 60.22 [2]). Here, although defendant asserts that Hines is an accomplice as a matter of law based upon King's testimony that she allegedly made business cards for defendant, Hines testified that she did not know that there was crack cocaine in the bedroom or any other drugs in the apartment and she was not charged with any offense in this matter. Inasmuch as different inferences may be drawn regarding Hines' participation, she was not an accomplice as a matter of law and counsel's failure to request the accomplice instruction with respect to Hines did not constitute ineffective assistance of counsel or deprive defendant of a fair trial (*see People v Caban, supra* at 152-154; *People v Fells, supra* at 710-711; *People v Gamez, supra* at 695).

---

* King pleaded guilty to criminal possession of a controlled substance in the third degree and, as part of her plea bargain, agreed to testify against defendant.

King, on the other hand, gave an unqualified guilty plea to a lesser crime arising out of the same facts or conduct constituting the charges against defendant and, thus, is an accomplice as a matter of law (*see People v Sweet, supra* at 266-268; *People v Fells, supra* at 711). Nevertheless, the record reflects that counsel's request that County Court not give the charge—a request that was made after the court instructed counsel to discuss the issue with defendant—was a deliberate trial tactic. Counsel had a strategy of portraying both defendant and King, who was defendant's girlfriend, as innocent. Counsel asserted that the drugs and paraphernalia belonged to Hines, as tenant of the apartment, and that King falsely inculpated both herself and defendant in exchange for a lenient sentence because she was worried about a long-term separation from her children. Given this strategy, counsel would not want the jury to speculate that King was, in fact, guilty of criminal possession of a controlled substance or suggest that, with proper corroborating evidence, her admission should be accepted as truthful. Thus, in our view, a reversal is unwarranted because such a result would "permit[ ] the defendant knowingly to reap the benefits of the lack of a charge on accomplice testimony at the trial, and then, when convicted, to transform that advantage into a successful claim by a new attorney of the denial of a fair trial" (*People v Johnson*, 6 AD2d 181, 187-188 [1958] [Valente, J., dissenting]; *see People v Leffler*, 13 AD3d 164, 164-165 [2004], *supra*; *People v Walker*, 87 AD2d 725, 726 [1982]; *see also People v Leon*, 121 AD2d 1, 6 [1986], *lv denied* 69 NY2d 830 [1987]). Inasmuch as defendant has not demonstrated the absence of a strategic explanation for counsel's failure to request the charge, defendant's claim of ineffective assistance of counsel fails (*see People v Leffler, supra* at 165; *People v Matta*, 286 AD2d 944, 945 [2001], *lv denied* 97 NY2d 731 [2002]; *see also People v Caban, supra* at 152-154).

Furthermore, the verdict is supported by legally sufficient evidence. The arresting officer testified that he observed defendant exiting the bedroom, which smelled strongly of marihuana, and defendant confirmed to the officer that he had been smoking marihuana. Having been informed that there were at least two people in the bedroom, the officer looked into that room and observed King sitting next to a large quantity of crack cocaine, which was recovered along with paraphernalia, defendant's business cards and a cell phone after Hines consented to a search of the bedroom. Viewing this evidence—as well as King's testimony that the contraband belonged to her and defendant, and was to be sold—in the light most favorable to the People, we conclude that "there is [a] valid line of reason-

ing and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial," contrary to defendant's argument (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Elhadi*, 304 AD2d 982, 983-984 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Downs*, 195 AD2d 477, 477 [1993], *lv denied* 82 NY2d 753 [1993]; *People v Andrews*, 182 AD2d 768, 769 [1992], *lv denied* 81 NY2d 784 [1993]).

We have considered defendant's remaining arguments and conclude that they are lacking in merit.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.