■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. LUMNAH, Appellant. [917 NYS2d 412]—

Mercure, J.P. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered June 1, 2009, upon a verdict convicting defendant of the crimes of arson in the third degree, arson in the fourth degree (seven counts) and conspiracy in the fourth degree.

After defendant's barn was condemned and estimates suggested a costly demolition due to the presence of asbestos, Christopher Tuttle set the barn on fire during the early morning hours of May 31, 2008. The fire quickly spread and ultimately damaged or destroyed seven additional properties.

---

The next morning, defendant drove Tuttle to a bus station and gave him money for a ticket to North Carolina. Nevertheless, Tuttle was identified as the individual responsible for the fire and he, in turn, implicated defendant, stating that defendant had offered him $1,000 to set the barn on fire. Tuttle ultimately pleaded guilty to arson in the third degree and was sentenced to 3 to 9 years in prison. Defendant was charged in an indictment with arson in the third degree, seven counts of arson in the fourth degree and conspiracy in the fourth degree. Following a jury trial, he was convicted as charged and sentenced to an aggregate term of 5 to 15 years in prison. Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that he was denied the effective assistance of trial counsel due to counsel's failure to request an accomplice instruction for Cassandra Holbert. County Court instructed the jury that Tuttle was an accomplice as a matter of law and directed the jury to resolve the factual question of whether Jason Applebaum, who was with Tuttle when he set the barn on fire, was an accomplice. Holbert resided with Applebaum and Tuttle in an apartment owned by defendant, and was involved in a romantic relationship with Applebaum. Although Holbert and Applebaum initially told police— and testified before the grand jury—that he had stayed home on the night in question, they later admitted that Applebaum had accompanied Tuttle to the scene of the fire. Tuttle, who did not testify before the grand jury, also told police that Applebaum was not involved. Defendant argues that it is plausible that Holbert collaborated with Applebaum and Tuttle in the burning of the barn because she resided with them, lied about Applebaum's involvement, and admittedly knew of the planned fire beforehand given her testimony that she overheard defendant offer Tuttle $1,000 to burn down the barn.

A defendant cannot be convicted upon the testimony of an accomplice absent corroborative evidence connecting the defendant to the commission of the charged crime (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192 [2010]). A witness in a criminal action is an accomplice if he or she "may reasonably be considered to have participated in either the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (*People v Caban*, 5 NY3d 143, 154 [2005] [internal quotation marks and citation omitted]). Put differently, "[a] witness who was a [criminal] facilitator is an accomplice for corroboration purposes" (*People v Adams*, 307 AD2d 475, 477 [2003], *lv denied* 1 NY3d 566 [2003]; *see People v Basch*, 36 NY2d 154, 158 [1975]). The

factual issue of whether a particular witness is an accomplice should be submitted to the jury "if different inferences may reasonably be drawn from the proof regarding complicity" (*People v Caban*, 5 NY3d at 152-153 [internal quotation marks omitted]).

Here, there is no evidence that Holbert had any involvement in the offense charged or another offense based upon the same facts, or that she engaged in any conduct rendering aid to people who intended to commit the charged crimes. Neither Holbert's admitted involvement in uncharged crimes related to the scheme to conceal Applebaum's presence at the scene of the fire nor the potential that she may have indirectly benefitted if defendant had paid Tuttle is sufficient to confer accomplice status (*see id.* at 153-154). Under these circumstances, it cannot be said that counsel's failure to request an accomplice instruction regarding Holbrook denied defendant meaningful representation or deprived him of a fair trial (*see id.* at 152-154; *People v Hines*, 24 AD3d 964, 965-966 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Fells*, 279 AD2d 706, 711 [2001], *lv denied* 96 NY2d 758 [2001]). Defendant's additional arguments regarding ineffective assistance of counsel—that counsel improperly failed to request falsus in uno and prejudicial conduct instructions— are patently lacking in merit.

Defendant's remaining arguments do not require extended discussion. His challenge to the legal sufficiency of the evidence is unpreserved because his motion to dismiss was neither specifically directed at the error now alleged on appeal nor renewed after he presented evidence (*see People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Hines*, 97 NY2d 56, 61 [2001]). His argument that the evidence before the grand jury was insufficient is similarly unpreserved and, inasmuch as no challenge to the sufficiency of the trial evidence is properly before us, precluded in any event (*see People v Smith*, 4 NY3d 806, 808 [2005]; *People v Dowling*, 75 AD3d 838, 839-840 [2010]). To the extent that defendant contends that the integrity of the grand jury proceeding was impaired due to the perjurious testimony of Applebaum and Holbert (*see* CPL 210.35 [5]), there is no indication that "prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice[d] the ultimate decision reached by the [g]rand [j]ury" such that dismissal was required (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Bean*, 66 AD3d 1386, 1386 [2009], *lv denied* 14 NY3d 769 [2010]; *People v Davis*, 256 AD2d 200, 201 [1998], *lv denied* 93 NY2d 898 [1999]; *People v Mariani*, 203 AD2d 717, 719 [1994], *lv denied* 84 NY2d 869 [1994]). Finally, we conclude that County Court properly

weighed the probative value of defendant's prior convictions against the potential prejudice to him by employing a *Sandoval* compromise permitting the People to cross-examine defendant regarding a prior petit larceny conviction and five unspecified misdemeanors (*see People v Wilson*, 78 AD3d 1213, 1215-1216 [2010]; *People v Smith*, 63 AD3d 1301, 1303-1304 [2009], *lv denied* 13 NY3d 862 [2009]; *People v Donaldson*, 46 AD3d 1109, 1110 [2007]).

Defendant's argument that his sentence is harsh and excessive has been considered and found to be meritless.

Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.