# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1286**
**KA 08-02655**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAMION W. CLARKE, DEFENDANT-APPELLANT.

---

PETER J. PULLANO, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered September 5, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, he was not denied effective assistance of counsel based on defense counsel's failure to request that the jury be charged with the issue whether a prosecution witness was an accomplice (*see generally People v Baldi*, 54 NY2d 137, 147). Even assuming, arguendo, that an accomplice charge was warranted (*see generally People v Caban*, 5 NY3d 143, 152-153), we conclude that "there was substantial corroboration for the accomplice testimony, and defendant would have derived no benefit from an accomplice charge" (*People v Leffler*, 13 AD3d 164, 165, *lv denied* 4 NY3d 800). Because " 'the failure of [County Court] to give [an accomplice charge] is of no moment [where, as here,] the testimony of the witness was in fact amply corroborated' " (*People v Peoples*, 66 AD3d 1419, 1419, *lv denied* 14 NY3d 843; *see People v Freeman*, 78 AD3d 1505, 1506, *lv denied* 15 NY3d 952), defense counsel was not ineffective for failing to request such a charge (*see Leffler*, 13 AD3d at 165).

Viewing the evidence in light of the elements of the crime of manslaughter in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said

that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801). Finally, the sentence is not unduly harsh or severe.