# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

738

KA 08-02208

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMIE R. TACKLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Teresa D. Johnson, A.J.), rendered August 15, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal mischief in the second degree, driving while intoxicated, a misdemeanor (two counts), resisting arrest and reckless endangerment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, criminal mischief in the second degree (Penal Law § 145.10), defendant contends that the verdict with respect to that crime is against the weight of the evidence. We reject that contention. Based on our independent review of the evidence, we conclude that a different verdict would have been unreasonable (*see People v Peters*, 90 AD3d 1507, 1508, *lv denied* 18 NY3d 996; *see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we further conclude that "[County Court] was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the [court] failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801; *see People v Clarke*, 101 AD3d 1646, 1647, *lv denied* 20 NY3d 1097).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court