■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. ZIKUSKI, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered October 31, 1977, upon a verdict convicting defendant of the crimes of robbery in the second degree and conspiracy in the second degree. On April 28, 1977, defendant and three other young males, all high school students in Binghamton, New York, made plans to go to a local bar. That evening Christopher Orzelek picked up the defendant and the two others, James Sweeney and John Connerton, in his mother's car and proceeded to the Big M Supermarket to buy some beer. Sweeney and Connerton were identified at this time by a cashier who was a school acquaintance. It appears from the record that because the cost of the beer left the four with insufficient funds to go to the bar, they decided to "appropriate" funds from various sources. Defendant and Sweeney left the car and looked over the supermarket area with the goal of snatching a purse, but decided to try their luck at a place which was not as well illuminated. They drove to the Ramada Inn in Binghamton where the defendant and Sweeney again got out of the car upon spotting an older woman carrying a purse. This effort was foiled because the woman remained too close to the door and then left the area in a taxi. The four then returned to the supermarket where the incident occurred, which is the subject of these convictions. After the car was parked at a nearby gasoline station, Sweeney and Connerton got out and approached a woman who was walking from the store with her two small children. Connerton grabbed her purse while Sweeney knocked her to the ground, causing a cut which later required four stitches to close. The stolen purse contained approximately $40 in cash, a checkbook and other papers. The defendant, who worked part time at the store, thereupon went up to the store and engaged in conversation with the manager. Sweeney and Connerton fled on foot toward the gasoline station. They were eventually picked up by Orzelek and the defendant and proceeded to the bar, known as the Adam's Apple, where most of the proceeds of the robbery was spent. Although there is a conflict in the testimony as to whether defendant actually received physical possession of any of the money, it appears that he benefited as the result of drinks purchased with it. The defendant subsequently placed himself in the Orzelek car at the time the robbery occurred in conversations with at least two witnesses. Defendant was arrested on April 30, 1977 at his mother's house by an officer of the Johnson City Police Department. The other three participants had been apprehended the previous day. According to the arresting officer, at the time of their initial confrontation at his mother's house defendant said: "It was not me. All I did was stay in the car. It was the other guys". On October 18, 1977, the jury convicted defendant of robbery in the second degree and conspiracy in the second degree, charges to which the other three had previously pleaded guilty. As with the others, defendant was denied youthful offender status and sentenced to 60 days in jail plus a term of probation. On this appeal he alleges that: (1) the trial

court abused its discretion in denying him youthful offender status; (2) there was insufficient corroboration of accomplice testimony; and (3) the requisite intent was not established to sustain a conviction for conspiracy in the second degree. These arguments are without merit. Youthful offender status in this case is governed by CPL 720.20 (subd 1, par [a]), which provides that the decision as to whether to grant youthful offender status to an eligible youth rests within the discretion of the sentencing court. While there are factors which tend to work in defendant's behalf, including the fact that he did not actually assault the victim or take the purse, that this is his first criminal charge and that he was attending college, there are also serious reasons for a denial of youthful offender status. On the very night of the crime defendant apparently contemplated purse snatchings on two separate occasions. While this action was pending, he was arrested for petit larceny and the subject of a phone call request by his mother that he be put in jail for beating up his younger brother. Also, the defendant freely partook in the benefits of the robbery and made no attempt to report it or to protest innocence until he was apprehended. Under these circumstances, we certainly cannot say that the trial court abused its discretion in denying youthful offender status to defendant *(People v Kalicki,* 49 AD2d 1032). CPL 60.22 (subd 1) provides: "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense". In the instant case, we have at least two factors which have been viewed by the courts as corroborative of an accomplice's testimony: (1) independent corroboration of the defendant's presence shortly before or after the crime *(People v Chamberlain,* 38 AD2d 306) and (2) admissions by the defendant to others that he was in the company of the other participants during the preparation for the crime and that he was present at the scene during its commission *(People v Burgin,* 40 NY2d 953). The independent corroborative evidence in this case is more than sufficient to meet the statutory requirements. The cases cited by defendant in support of his claim that the requisite intent was not established to support a conviction for conspiracy in the second degree are inapposite, and we find that the record fully substantiates the conviction on the conspiracy charge. Judgment affirmed. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur