■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CICERO, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: On December 9, 1980, officers of the City of Utica Police Department, acting pursuant to a warrant, entered and searched an apartment at 2 West Adrean Terrace. Plastic bags containing marihuana were found in a downstairs closet, in a gym bag which was located on the floor of the living room, and in an upstairs closet.

The jury found the defendant guilty of criminal possession of marihuana in the second degree (Penal Law, § 221.25) and resisting arrest (Penal Law, § 205.30). He was sentenced respectively to five years' probation and three years' probation, to be served concurrently.

The apartment was occupied by defendant's mother, sister and brother. While the evidence did not clearly establish that defendant also resided in the apartment he had been seen entering and leaving the apartment at least a dozen times between December 1 and December 9, 1980. He was present when the search of the apartment was conducted and he had remained in the apartment through the night preceding the search.

The evidence also established that only the defendant made use of the downstairs closet and only he kept his belongings in that closet. It was also established that the gym bag was the property of defendant and that in addition to a quantity of marihuana, it also contained defendant's karate uniform. The evidence was thus sufficient for the jury to have found that defendant exercised dominion or control over the marihuana seized from the downstairs closet and from the gym bag (Penal Law, § 10.00, subd 8; *People v Watson,* 56 NY2d 632; *People v Robertson,* 48 NY2d 993; *People v Phiefer,* 43 NY2d 719).

There was no basis in the evidence, however, from which the jury could have concluded that defendant exercised dominion or control over the upstairs closet or its contents.

Since the aggregate of marihuana found in the apartment, less the amount found in the upstairs closet, was more than 8 ounces but less than 16 ounces, the evidence only supports a conviction for criminal possession of marihuana in the third degree (Penal Law, § 221.20).

The judgment is modified accordingly, and there is no need to remit for resentencing (Penal Law, § 65.00, subd 3, par [a], cl [i]). (Appeal from judgment of Oneida County Court, Darrigrand, J., at trial; Bergin, J., on suppression motion — criminal possession of marihuana, second degree.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.