■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE D. LOPEZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction, following a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). The convictions arise out of the execution of a search warrant for an apartment located at 117 Merriman Avenue in the City of Syracuse on July 6, 1982 during which

police found over 2.5 ounces of cocaine. The apartment was rented by defendant's girlfriend who was tried separately. At defendant's trial, the People's case was premised on the theory of constructive possession. The prosecutor sought to prove that defendant exercised dominion or control over the apartment or the area in which the contraband was found (*see,* Penal Law § 10.00 [8]). Viewing the evidence, as we must, in the light most favorable to the People (*People v Benzinger,* 36 NY2d 29, 32), the proof sufficiently established that defendant exercised dominion and control over the area where the drugs were seized (*see, People v Watson,* 56 NY2d 632; *People v Cicero,* 106 AD2d 901; *cf. People v Simon,* 107 AD2d 196). Not only was defendant physically present in the bedroom of the residence when the search warrant was executed (*see, People v Cicero, supra*), but there was additional proof establishing that police had observed defendant's car in the driveway of the residence approximately 50 times in the two months the dwelling was under surveillance (*see, People v Gaddy,* 94 AD2d 892, 893). Defendant was standing in the bedroom a short distance away from where the containers of cocaine were found. Personal papers, including a copy of a treasurer's check with defendant's name on it, were found under the mattress. A visitor to the apartment at the time the search warrant was executed testified that defendant had resided at that address since December 1981 and January 1982 and that he slept there "on occasion". Moreover, defendant admitted that he stayed at the premises on Merriman Avenue.

Defendant also claims that, in the absence of the People having served a CPL 710.30 notice, a prosecution witness improperly testified with respect to a conversation between defendant and a police officer at the time the search warrant was executed. The witness testified that she overheard defendant tell a police officer that the $1,300 found in the bedroom closet was money that had come from the sale of a car. Defendant promptly objected to this question and answer and the court sustained his objection. Although the prosecution learned about the statement within minutes of the witness' testimony and believed it was admissible as a statement made to a private citizen rather than a public servant, the defendant should have received notice of it. However, in view of the fact that the court sustained defendant's objection to receipt of this testimony and ordered it stricken, we find no error requiring reversal. Further, the court offered to give curative instructions to the jury, but did not do so at defense counsel's request. Since the court upheld defendant's objection and

ordered the testimony stricken, there was no necessity for any *Huntley* hearing.

We find no merit to the other claims of error raised on this appeal. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal possession of controlled substance, second and fourth degrees.) Present—Callahan, J. P., Boomer, Green, Pine and Schnepp, JJ.