■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY VEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered August 6, 1986, convicting him of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third

degree (seven counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (seven counts), unlawful possession of marihuana, and criminally using drug paraphernalia in the second degree (six counts), upon a jury verdict, and imposing sentence. By decision and order of this court dated April 2, 1990, the matter was remitted to the Supreme Court, Kings County, for an in camera hearing and report in accordance with the guidelines set forth in *People v Darden* (34 NY2d 177) and the appeal was held in abeyance in the interim *(see, People v Vega,* 160 AD2d 752). The Supreme Court, Kings County, has complied.

Ordered that the judgment is affirmed.

The testimony at the in camera *Darden* hearing *(People v Darden, supra)* supports the Supreme Court's determination that the confidential informant existed and had supplied to the police the information contained in the affidavit supporting the application for a warrant to search the apartment where the defendant and his codefendants were arrested *(see, People v Darden, supra,* at 181-182). We further find that there was sufficient information establishing probable cause for the issuance of the search warrant *(see generally, People v Bigelow,* 66 NY2d 417, 423-426).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. When the police entered the apartment, the defendant was seated in a chair in the living room near a coffee grinder containing a cocaine residue and an industrial size box of aluminum foil. Under his chair were $530 in United States currency and a telephone pager. The defendant had rented both this pager and the one carried by the codefendant Melendez, which pagers are a common tool of "narcotics dealers" *(People v Melendez,* 160 AD2d 739, 740; *People v Ortiz,* 152 AD2d 755, 756). Moreover, the defendant's coat was draped over the corner of the door of the bedroom, where immense quantities of drugs, drug paraphernalia and cash were found. His passport was discovered in the bedroom dresser drawer; additional personal papers were also recovered from the apartment. The decisions in *People v Pearson* (75 NY2d 1001), *People v Headley* (74 NY2d 858), *People v Royster* (156 AD2d 735), and *People v Davis* (153 AD2d 949), are factually distinguishable and do not require a different result. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of

the evidence (CPL 470.15 [5]; *cf., People v Vasquez,* 160 AD2d 751).

The defendant's other contentions are either unpreserved for appellate review, without merit, or do not warrant reversal of the conviction. Kunzeman, J. P., Lawrence, Rosenblatt and Miller, JJ., concur.