■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [600 NYS2d 836] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered February 6, 1992, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (two counts) and resisting arrest.

The central issues presented on appeal in this criminal matter are whether defendant's convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the second degree are supported by legally sufficient evidence. Both of the challenged convictions stem from a January 1991 investigation by the City of Albany Police into narcotics activity at an apartment located at 24 Lexington Avenue in the City. In furtherance thereof, a confidential police informant was sent to the apartment on January 9 and 18, 1991 to purchase narcotics. On both occasions, the informant did in fact purchase a quantity of crack cocaine from the tenant, Marsha Jones, and her boyfriend, Butchie Kornegay. While defendant was not present at the time of either sale, based upon information received from the informant and neighbors, it was believed that an organized drug-selling operation was being conducted from the apartment and that it was run by defendant, a New York City resident, who supplied Kornegay, Jones and Karmen Johnson,

who was defendant's girlfriend, with the crack and gave them some for their own use in return for their sales efforts. In due course, police obtained a search warrant for the apartment and waited until defendant was present to execute it. Upon his arrival, he was placed under arrest along with Kornegay, Jones and Johnson.

Shortly after her arrest, Johnson advised police that she had rented a certain motel room at defendant's request and that drugs and drug paraphernalia belonging to defendant were present there. A subsequent search of the motel room, performed with Johnson's consent, revealed a suitcase under the bed which Johnson indicated belonged to defendant. Contained in it were defendant's passport, Social Security card, some of his clothing and jewelry, money, crack and various items of drug paraphernalia including pipes, a scale and several distinctive drug containers disguised on the outside to appear as beer, oil or shaving cream cans but whose tops screwed off revealing an empty area within. Just outside the suitcase a fake oil can with a screw off top was found containing more crack. In all, approximately three ounces of crack were seized.

Ultimately, defendant was indicted on six drug-related offenses. The criminal sale of a controlled substance in the third degree conviction challenged on appeal related to Jones' January 18, 1991 sale of crack to the confidential informant. Inasmuch as defendant was not present at the time, his culpability was predicated upon the theory that he supplied Jones with the drugs she sold and thus intentionally aided her in committing the crime within the meaning of Penal Law § 20.00.* The criminal possession of a controlled substance in the second degree conviction related to the narcotics seized from the motel room and proceeded on the theory that defendant had constructive possession of the crack found there. Kornegay, Jones and Johnson eventually pleaded guilty to the charges brought against them and, in return for leniency, agreed to cooperate in defendant's prosecution. With the aid of their testimony at trial, defendant was found guilty of the challenged crimes and now appeals.

With regard to the criminal sale of a controlled substance in the third degree conviction, defendant contends that the testi-

---

* Penal Law § 20.00 renders one liable for the criminal conduct of another when, "acting with the mental culpability required for the commission thereof, [the former] solicits, requests, commands, importunes, or intentionally aids [the latter] to engage in such conduct".

mony of Jones, a conceded accomplice who implicated defendant as the supplier of the crack, was not sufficiently corroborated *(see,* CPL 60.22 [1]). We disagree. It is now well established that evidence corroborating an accomplice's testimony need only connect the defendant to the crime so as reasonably to satisfy the jury that the accomplice is telling the truth *(see, e.g., People v Moses,* 63 NY2d 299, 305-307; *People v Donovan,* 59 NY2d 834, 836). Here, there was independent evidence establishing not only that defendant was present at the apartment, which obviously was the headquarters of an ongoing criminal enterprise, on two occasions within 12 hours of the time he arrived in Albany *(cf., People v Moses, supra,* at 307-308), but police testimony that a distinctive fake beer can, identical to those found in defendant's suitcase and used for storing drugs, was found at the apartment as well as evidence that the crack vial sold to the confidential informant was the same size and length as the 491 crack vials also found in defendant's suitcase. Significantly, when advised that he was under arrest as he was proceeding up to the apartment, defendant fled *into* the apartment and headed directly for the bathroom where the sound of running water was heard. Based upon a review of applicable precedent, we are satisfied that the cumulative effect of this evidence is sufficient to satisfy the corroboration requirements *(see, supra; People v Bey,* 179 AD2d 905, *lv denied* 79 NY2d 918; *People v Bolden,* 161 AD2d 1126, *lv denied* 76 NY2d 853; *cf., People v Lanza,* 83 AD2d 714 [Mikoll, J., dissenting], *revd on dissenting mem below* 57 NY2d 807).

Turning to the criminal possession of a controlled substance in the second degree conviction, we find that the People's evidence regarding defendant's constructive possession of the narcotics found in the motel room, namely, the testimony of Johnson and Kornegay that the suitcase where it was found belonged to defendant, accompanied by independent testimony establishing that defendant had occupied the motel room the night before and day of his arrest along with the fact that the crack was found in a suitcase that contained defendant's passport, Social Security card, jewelry and clothing, is sufficient, when viewed in a light most favorable to the People, to establish that defendant exercised dominion and control over the location where the drugs were seized *(see, e.g., People v Watson,* 56 NY2d 632; *People v Vega,* 175 AD2d 932, *lv denied* 79 NY2d 954; *People v Lopez,* 112 AD2d 739; *People v Cicero,* 106 AD2d 901, *appeal dismissed, cert denied* 472 US 1003). Finally, upon exercise of our factual review power we are

satisfied that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have reviewed defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit or unpreserved for review.

Weiss, P. J., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.