■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY L. SWINTON, Appellant. [607 NYS2d 161] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 22, 1991 in Broome County, upon a

verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

The issues raised by this appeal are (1) whether there was sufficient legal evidence to establish defendant's guilt of criminal possession of a controlled substance in the third degree, (2) whether the testimony of Kerry L. Wood, a codefendant, was sufficiently corroborated, and (3) whether Supreme Court erred in failing to give a missing witness charge.

To find legal sufficiency it must be established by the evidence that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury on the basis of the trial evidence and, as a matter of law, satisfy the proof and burden requirements of every element of the crime charged *(People v Bleakley,* 69 NY2d 490, 495). As to the testimony of an accomplice, CPL 60.22 (1) holds that "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense". A conviction for criminal possession of a controlled substance requires legally sufficient proof that defendant had dominion and control over the controlled substance *(see,* Penal Law § 220.16 [1]; *People v Manini,* 79 NY2d 561, 575).

The evidence presented at trial included testimony by Wood, who was indicted with defendant and pleaded guilty and was thus an accomplice, that defendant invited him to participate in selling drugs and that he was selling cocaine on the day of the raid from apartment 2B. Wood contends that the cocaine was given to him by defendant and distributed by him to customers. Wood gave the money from the drug sales to defendant and defendant secured additional cocaine for him as needed. Wood further testified that defendant's knocking on the door and shouting "police" was a signal to him to get rid of the drugs.

The corroborating evidence consisted of testimony by City of Binghamton Police Investigators Joseph Burke and William Yeager that defendant was present immediately outside of apartment 2B, the focus of the raid, knocking on the apartment door and yelling "police" at their appearance in the hallway. Defendant had been previously seen outside the building with people milling about. He directed people into the building who then remained there a brief time before exiting. When defendant left the area, the congregation of individuals in front of the building ceased and commenced

again upon his return. The officers opined that such activity was consistent with drug activity. Upon gaining entry to apartment 2B, the officers saw Wood near a mail slot, leading into a porch, and subsequently found beneath the mail slot three vials of white powder which proved to be cocaine. A number of empty vials were found, along with personal papers of defendant, in a box under the bed in the apartment. The apartment's landlord testified that the apartment was rented in defendant's name by the Broome County Department of Social Services and that defendant had a key to it. We hold that the trial evidence contained sufficient independent evidence to corroborate Wood's testimony and was also sufficient to establish that defendant was in constructive possession of cocaine.

Defendant's final contention, that Supreme Court erred in denying his request for a missing witness charge as to Melvin Waddell, is also unavailing. Defendant failed to meet his burden of proof that the witness was under the control of the People and that his testimony would be relevant, noncumulative and beneficial to them (see, People v Gonzalez, 68 NY2d 424, 427). It was not controverted by defense counsel that he was advised by the People well in advance of the trial that Waddell refused to cooperate with them and that he may have testimony beneficial to defendant. It also appears that Waddell's testimony was cumulative. In view of the circumstances, the court advisedly refused to give a missing witness charge.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.