OPINION OF THE COURT
 

 Graffeo, J.
 

 Defendants were convicted after a jury trial of enterprise corruption
 
 (see,
 
 Penal Law § 460.20). The primary contention asserted by each defendant on appeal concerns application of the CPL 60.22 (1) accomplice corroboration rule to an enterprise corruption prosecution. Defendants contend that accomplice corroboration was required for each pattern criminal act that supported a finding of guilt under the enterprise corruption statute. We conclude, however, the jury was properly charged that the testimony of the accomplices need not be corroborated for each pattern act but was sufficiently corroborated if the jury determined that some independent evidence tended to connect defendants to the offense of enterprise corruption. Accordingly, we affirm.
 

 In 1986, the Legislature enacted title X of the Penal Law, the “Organized Crime Control Act” (OCCA), which created the offense of enterprise corruption. Codified as Penal Law § 460.20, enterprise corruption is a class B felony. Under the statute, three alternative courses of conduct constitute the
 
 *142
 
 crime. Relevant to this case, a person is guilty of enterprise corruption when that individual is employed by or associated with a criminal enterprise and intentionally participates in the affairs of that enterprise by engaging in a pattern of criminal activity involving at least three criminal acts
 
 (see,
 
 Penal Law § 460.20 [1], [2]). A criminal enterprise refers to
 
 “a
 
 group of persons sharing a common purpose of engaging in criminal conduct, associated in an ascertainable structure distinct from a pattern of criminal activity, and with a continuity of existence, structure and criminal purpose beyond the scope of individual criminal incidents” (Penal Law § 460.10 [3],
 
 see,
 
 Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 460 at 346). The pattern criminal acts which may qualify as a basis for the offense are enumerated in Penal Law § 460.10 (1); while all the eligible acts represent conduct constituting felonies, a misdemeanor conspiracy or attempt to commit any of the listed felonies may also be charged as a pattern act.
 

 Penal Law § 460.20 was plainly intended to reach conduct that was not already subject to criminal prosecution
 
 (see,
 
 Bill Jacket, L 1985, ch 516). The emphasis of the legislation was not on the quantity or nature of the myriad, isolated criminal activities underlying the new offense — conduct adequately addressed elsewhere in the Penal Law. Instead, it “focuse[d] upon criminal enterprises because their sophistication and organization make them more effective at their criminal purposes , and because their structure and insulation protect their leadership from detection and prosecution” (Penal Law § 460.00). Thus, the purpose of creating the separate crime was to address the particular and cumulative harm posed by persons who band together in complex criminal organizations.
 

 In addition to defining the conduct constituting the offense, certain provisions of the Criminal Procedure Law were modified to create special procedures applicable to enterprise corruption prosecutions
 
 (see,
 
 L 1986, ch 516). For example, several CPL sections were amended to provide for use of particular jury charges and verdict sheet practices
 
 (see,
 
 CPL 300.10 [6]; 310.50 [4]). When enterprise corruption is charged, the jury must undertake a two-step adjudication process to determine whether a defendant is guilty of the offense. It must first render a special verdict addressing the commission of each of the charged pattern acts. Only after the person charged is found to have committed at least three pattern criminal acts may the jury consider whether that individual defendant is guilty of
 
 *143
 
 enterprise corruption. A defendant may not be convicted of the offense unless the jury finds the acts were part of a pattern of criminal activity undertaken in furtherance of a cognizable criminal enterprise that extended beyond the common plan or scheme encompassing the alleged pattern acts. Notwithstanding a finding that a defendant engaged in three or more pattern criminal acts, a defendant must be acquitted if the jury concludes the facts do not support the second inquiry
 
 (see,
 
 CPL 310.50 [4]). Moreover, regardless of how many pattern acts the jury finds a defendant committed in furtherance of the interests of the criminal enterprise, a defendant convicted of enterprise corruption is guilty of only one class B felony. Accordingly, sentencing exposure is limited to that attendant to conviction for a single class B felony, even though the jury may have found criminal conduct which could constitute numerous felonies of a higher class.
 

 Although the Legislature amended several CPL provisions in its adoption of the OCCA, the legislation made no reference to CPL 60.22 (1), New York’s accomplice corroboration rule. Nor can we discern from the legislative history of the Act an intent on the part of the Legislature to fashion a new accomplice corroboration rule for enterprise corruption prosecutions
 
 (see,
 
 Penal Law § 460.00). The application of the rule in this case, then, is guided by our existing jurisprudence, taking into consideration the unique characteristics of an enterprise corruption offense.
 

 The accomplice corroboration rule provides that a “defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense” (CPL 60.22 [1]). “New York’s accomplice corroboration protection, while persistently unique, requires only enough nonaccomplice evidence to assure that the accomplices have offered credible probative evidence”
 
 (People v Breland,
 
 83 NY2d 286, 293 [citation omitted]). Because the purpose of the requirement is not to establish defendant’s guilt independently but to provide some basis for the jury to conclude the accomplice testimony is credible, “ ‘[s]eemingly insignificant matters may harmonize with the accomplice’s narrative so as to provide the necessary corroboration’”
 
 (id.,
 
 at 292-293 [quoting
 
 People v Steinberg,
 
 79 NY2d 673, 683]). Independent evidence need not be offered to establish each element of the offense or even an element of the offense; the People’s burden is merely to offer some nonaccomplice evidence “tending to connect” defendant to
 
 *144
 
 the crime charged,
 
 (see,
 
 CPL 60.22 [1];
 
 People v Breland, supra,
 
 at 294;
 
 People v Steinberg, supra,
 
 at 682;
 
 People v Smith,
 
 55 NY2d 945, 946;
 
 People v Glasper,
 
 52 NY2d 970, 971).
 

 Here, the indictment charged 10 defendants with one count of enterprise corruption based on 62 pattern criminal acts alleged to have been undertaken in furtherance of the affairs of an organized crime family between 1983 and 1993. Three defendants were tried jointly: James Besser, Jerry Ciauri and one other individual who was acquitted of the offense. Besser and Ciauri were both charged with six pattern acts involving robbery, conspiracy to commit murder and multiple instances of grand larceny; Ciauri was named alone in a seventh act charging coercion. Although proof was offered that the ongoing criminal enterprise involved a number of illegal moneymaking schemes, encompassing bookmaking, loansharking, credit card fraud, extortion, coercion and larceny, the particular conduct attributed to defendants in the indictment fell generally within the realm of extortion, larceny, coercion and robbery. Extensive testimony was adduced that defendants were associates in the crime family and engaged in a struggle for control of the enterprise which, for purposes of the charges against defendants, involved an allegation that defendants conspired with others to murder a member of the rival faction (pattern act three in the indictment).
 

 Much of the testimony presented by the People was, offered by three accomplices in the criminal enterprise who testified pursuant to cooperation agreements with State and Federal law enforcement authorities. These witnesses described the structure of the criminal enterprise, the nature of its activities, and the various participants and their roles in the enterprise’s illegal conduct. This proof implicated defendants in various criminal activities in furtherance of the interests of the enterprise. Defendants maintain the court should have adopted their version of the accomplice corroboration charge, thereby instructing the jury that it must find independent corroborative evidence tending to connect each defendant to each pattern act before the accomplice testimony could be credited.
 

 In a thoughtful and comprehensive opinion, the trial court ruled that separate corroboration of each pattern act was not required under the statute and, therefore, charged that the accomplice testimony could be credited if the jury determined there was independent evidence tending to connect each defendant to the offense of enterprise corruption. The jury determined that both defendants committed at least three pattern
 
 *145
 
 acts in the course of their participation in a criminal enterprise. Each was convicted of enterprise corruption and sentenced accordingly. The Appellate Division affirmed the convictions (266 AD2d 164) and a Judge of this Court granted defendants leave to appeal. We now affirm.
 

 Defendants’ assertion that the People were required to offer evidence tending to connect defendants to each pattern act is inconsistent with the plain language of CPL 60.22 (1) which precludes a defendant from being convicted of “any offense” without corroborating evidence linking a defendant to “such offense.” The Penal Law defines an offense as “conduct for which a sentence to a term of imprisonment or to a fine is provided by any law”
 
 (see,
 
 Penal Law § 10.00 [1]). The pattern acts which are components of the crime of enterprise corruption do not comport with this definition since a finding that a person committed a pattern act does not subject that individual to the penal sanction associated with that conduct. Even if a jury concludes a defendant committed three or more charged pattern acts, this determination is insufficient to support a conviction for enterprise corruption unless the jury further concludes the acts were committed with the intent to conduct or participate in the affairs of an ascertainable criminal enterprise
 
 (see,
 
 CPL 310.50 [4]; Penal Law § 460.20 [1]).
 

 Although defendants were found responsible for a number of criminal acts in furtherance of the objectives of the criminal enterprise, the sole “offense” with which defendants were charged and sentenced was enterprise corruption. Despite the fact that the prosecution was obligated to prove that defendants committed at least three qualifying pattern acts, those separate acts were not offenses and were not treated as such; defendants could not be sentenced separately for each pattern act.
 

 This distinction is illustrated by the jury determination in this case. The jury found that Besser committed three criminal pattern acts: robbery in the first degree, grand larceny in the second degree and grand larceny in the fourth degree in connection with separate incidents. Had this criminal conduct been charged as separate offenses in the indictment, defendant would have been subject to conviction on three distinct felonies (classes B, C, and E, respectively) carrying separate terms of imprisonment, and his sentences could have been ordered to be consecutively served. Instead, Besser’s sentencing exposure was significantly reduced because this criminal conduct was charged within the framework of a single class B felony enterprise corruption offense.
 

 
 *146
 
 Similarly, Ciauri was found to have engaged in five pattern acts: conspiracy in the second degree relating to a plan to murder a crime family associate (class B felony), robbery in the first degree (class B felony), coercion in the first degree (class D felony) and two instances of grand larceny in the second degree (class C felony). While separate convictions for these felonies could have subjected Ciauri to consecutive sentencing for two class B felonies, two class C felonies and a class D felony, his conviction of enterprise corruption resulted in one class B felony sentence.
 

 Having determined the jury was properly charged on the accomplice corroboration rule, we conclude, viewing the evidence in the light most favorable to the People, that the testimony of the accomplices was sufficiently corroborated by independent proof which sufficed for the jury to find that such evidence tended to connect defendants to the crime of enterprise corruption. Ample proof was adduced linking defendants to the affairs of the crime family. For example, testimony from at least two nonaccomplice witnesses and documentary evidence placed defendants in a New Jersey apartment used by members of the enterprise as a “safe house” during the dispute between rival factions in the organization. In addition, the accomplices’ accounts of beeper and telephone communications during relevant time periods were corroborated by telephone records and tapes of telephone conversations which had been intercepted by law enforcement authorities via a wiretap. As defendants’ activities, along with other members of the enterprise, were referenced in these communications, the People met their burden of demonstrating sufficient independent evidence tending to connect defendants to the crime of enterprise corruption.
 

 Moreover, the testimony of Steven Lane provided direct evidence of defendants’ involvement in many of the charged pattern acts. According to the theory the prosecution pursued at trial, Lane was a victim of several of the pattern acts, although he acknowledged that he later assisted defendants in the commission of a robbery by providing defendants with information regarding operation of a grocery store he formerly owned. Because Lane testified that his participation in the robbery was coerced by threats that defendants would harm his family if he refused to assist them, the court instructed the jury to determine whether Lane was an accomplice. Defendants disputed Lane’s status, asserting that his subsequent participation in the robbery (pattern act four), rendered him an accomplice as a matter of law.
 

 
 *147
 
 A witness is an accomplice as a matter of law only if the jury could reasonably reach no other conclusion but that he participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged
 
 (see, People v Cobos,
 
 57 NY2d 798, 801;
 
 People v Basch,
 
 36 NY2d 154, 157;
 
 see,
 
 CPL 60.22 [1]). The accomplice status of a witness with respect to one charge in a criminal transaction does not necessarily render that person an accomplice with respect to other charges
 
 (cf. People v Breland, supra,
 
 83 NY2d at 292).
 

 Here, proof was presented that Lane was a victim of several of the pattern acts while he owned the grocery store and no proof was adduced that he engaged in any conduct with an intent to join defendants’ criminal organization. Lane attributed his participation in the robbery to duress as a result of a threat that his wife would be harmed if he failed to cooperate as demanded. As evidence was offered that Lane’s assistance in the robbery came after a series of pattern acts by defendants aimed at intimidating Lane and controlling his business, the jury could have inferred Lane reasonably feared for his family’s safety. Under the unique circumstances presented, the trial court did not err in concluding a question of fact was raised with respect to whether Lane was an accomplice to the activities of the criminal enterprise
 
 (see, People v Basch, supra,
 
 36 NY2d at 157).
 

 We reject defendants’ contention that insufficient proof supported the finding that defendants’ participation in the pattern acts involving the victimization of Lane was related to the interests of the crime family. Both Lane and one of defendants’ accomplices who was a member of the enterprise offered testimony from which the jury could infer that defendants’ association with the crime family was integral to their ability to collect “protection” money from Lane, steal the store’s merchandise and effectively exert control over Lane’s choice of vendors. The evidence was sufficient to support the inference that defendants engaged in conduct with the intent to participate in the affairs of the criminal enterprise in accordance with Penal Law § 460.20 (2). Besser’s challenge to the sufficiency of the proof establishing the value of the property at issue in pattern act nine, grand larceny in the fourth degree, is unpreserved for review as Besser failed to raise this argument in his trial motion to dismiss.
 

 We also reject the contention that the trial court erred in its resolution of the People’s
 
 Batson
 
 challenge. The court properly
 
 *148
 
 assessed whether the rationales proffered by defense counsel for the challenges were pretextual, providing all parties ample opportunity to argue their positions and make a record explaining the basis of their jury selection practices and decisions
 
 (see, People v Payne,
 
 88 NY2d 172, 183). Mindful that our powers of review in this area are circumscribed
 
 (see, People v Hernandez,
 
 75 NY2d 350, 356,
 
 affd
 
 500 US 352), we see no basis to disturb the court’s finding that the reasons articulated by the defendants with respect to two jurors were disingenuous in light of the acceptance of other similarly situated jurors
 
 (see, People v Payne, supra).
 

 Further, as Besser failed to raise his challenge to the constitutionality of the discretionary persistent felony offender sentencing statute before the sentencing court, the issue is not properly before us for review
 
 (see, People v Rosen,
 
 96 NY2d 329). His remaining claim of sentencing error has been reviewed and determined to be lacking in merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 In each case: Order affirmed.