■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAVARIS BOONE, Also Known as BIGGS, Appellant. [759 NYS2d 778] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered April 26, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (four counts), criminal possession of a weapon in the fourth degree and criminal sale of a controlled substance in the third degree (three counts).

During an investigation by the City of Schenectady Police Department, two confidential informants made controlled buys

of crack cocaine at defendant's apartment on July 13, July 24 and August 1, 2000. Police officers then raided the apartment, seized a loaded sawed-off shotgun, $33,201 in cash, scales and quantities of cocaine, and arrested defendant. Defendant was charged with various crimes involving the possession and sale of cocaine, as well as the possession of a weapon. Finding defendant's motion to suppress insufficient to warrant a hearing, County Court denied suppression of the items seized from the apartment. After a *Sandoval/Ventimiglia/Molineux* hearing, County Court permitted the People to cross-examine defendant regarding his prior conviction as well as the original charge, and to offer testimony by Lamont McWhite, defendant's alleged associate in the purchase and sale of drugs.

At the jury trial, the police officers who raided the apartment testified that defendant was arrested while attempting to flush a package containing over six ounces of cocaine down a toilet in the bathroom. Investigator David Mantei testified that he recovered the package from the toilet and that while being handcuffed, defendant "said something to the effect like, 'you guys got all the stuff, I tried flushing it but I couldn't get it all down in time.'" The officers also described their seizure of the additional cocaine and other items at the apartment. Each confidential informant testified regarding his entry into the apartment and receipt of a piece of crack cocaine from defendant in exchange for $50. As to the transaction on July 24, 2000, the informant involved stated that he had asked McWhite for crack cocaine, and that defendant had assisted McWhite in the transaction by locating the recently processed cocaine for McWhite and providing a tissue with which to dry it. In addition, McWhite, who had previously agreed to plead guilty to two class B felonies for his involvement, testified that the drugs, the shotgun and the money had been owned by defendant and himself in a partnership formed to buy and sell narcotics. McWhite also confirmed the informant's account of defendant's role in the July 24, 2000 transaction. Defendant did not testify, but offered the testimony of Shalan Price, who was present during the raid on the apartment. Price testified that he never saw defendant make any of the sales described by the informants, attempt to flush cocaine down the toilet or possess the shotgun.

The jury found defendant guilty of the nine counts submitted for its consideration—criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (four counts), criminal possession of a weapon in the fourth degree and criminal sale

of a controlled substance in the third degree (three counts). County Court then sentenced defendant to a prison term of 15 years to life on the first degree criminal possession of a controlled substance charge and imposed consecutive sentences of 1 to 3 years for each of the counts arising from the controlled buys. All other charges were either merged or ordered to run concurrently with defendant's sentence for first degree criminal possession. Defendant now appeals, and we affirm.

We find no abuse of discretion in County Court's *Sandoval* ruling permitting cross-examination of defendant regarding a prior conviction of a reduced charge of disorderly conduct in addition to the original charge of obstructing governmental administration, but precluding questioning as to the underlying acts. County Court balanced the relevant factors and eliminated the prejudice that could result if the jury were informed of defendant's underlying conduct of swallowing drugs and resisting the police officers who attempted to recover them (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Smith*, 59 NY2d 156, 167-168 [1983]). Nor is there a bright-line rule prohibiting the People's inquiry concerning an original charge where the prior conviction results from a plea to a lesser offense. In this regard, defendant's reliance on *People v Young* (249 AD2d 576 [1998], *lv denied* 92 NY2d 908 [1998]) is misplaced. Unlike here, the trial court in *Young* permitted inquiry into numerous aged convictions and the prosecutor ignored information that one conviction had been reversed on appeal (*id.* at 579-580). While the prosecutor's inquiry into the original charges behind every prior conviction in *Young* was considered to be one of a number of exacerbating factors, it was not the determinative basis for our holding that the trial court there failed to fashion an appropriate compromise (*id.* at 580).

Similarly unavailing is defendant's contention that McWhite's testimony as to defendant's role in an ongoing enterprise of selling narcotics and defendant's ownership of items seized from his apartment by police impermissibly led the jury to convict him based on earlier, uncharged criminal acts. As County Court recognized, McWhite's testimony was admissible as background information on the weapon possession charge and proof of an element of the crime of criminal possession of a controlled substance (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Lotmore*, 276 AD2d 901, 902 [2000], *lv denied* 96 NY2d 736 [2001]; *see also* Penal Law § 220.16 [1]; § 265.01 [1]). County Court appropriately instructed the jury not to consider such evidence as indicative of

a predisposition to commit the crimes charged and excluded the People's additional proffers of evidence of uncharged drug sales and drug use that would have been irrelevant to any of the crimes charged (*see People v Lotmore, supra* at 902; *compare People v Chaney*, 298 AD2d 617, 618-619 [2002]).

Turning next to County Court's denial of defendant's motion to suppress the items seized from his apartment, we note that the record confirms County Court's finding that his motion failed to state facts sufficient to warrant a hearing (*see People v Jones*, 95 NY2d 721, 726 [2001]; *People v Mendoza*, 82 NY2d 415, 431 [1993]). Nor can we agree with defendant's arguments that the evidence is legally insufficient (*see People v Harris*, 288 AD2d 610, 617 [2001], *affd* 99 NY2d 202 [2002]; *People v Williams*, 195 AD2d 889, 891 [1993], *lv denied* 82 NY2d 808 [1993]) and that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Bailey*, 295 AD2d 632, 634 [2002], *lv denied* 98 NY2d 766 [2002]).

Finally, despite defendant's age, minimal criminal history and past volunteer service in his community, we find no extraordinary circumstances or abuse of County Court's discretion warranting a modification of the sentences imposed (*see People v Bell*, 290 AD2d 729, 729-730 [2002]; *People v Morris*, 275 AD2d 818, 818 [2000], *lv denied* 96 NY2d 737 [2001]).

Defendant's remaining contentions have been reviewed and determined to lack merit.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.