■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN E. MONDAY, Appellant. [765 NYS2d 705] —Cardona, P.J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered June 28, 2002, upon a verdict convicting defendant of the crimes of criminal nuisance in the first degree and conspiracy in the fourth degree.

On October 9 and 25, 2001, at the request of the Chenango County Sheriff's Department, Detectives Kathleen Newcomb and Christopher Taylor of the Broome County Sheriff's Department made separate undercover drug purchases from Christine Wright and Todd Wright at their residence located at 107 Towndrow Lane in the Town of Preston, Chenango County. On each occasion, Todd Wright took the money and then either he or Christine Wright went next door to a house trailer occupied by defendant and her boyfriend, Terry Towndrow, and returned with a quantity of cocaine which was then given to one of the undercover officers. On November 2, 2001, defendant, Towndrow and the Wrights were arrested. Subsequently, defendant was indicted for criminal sale of a controlled substance in the third degree (two counts), criminal nuisance in the first degree and conspiracy in the fourth degree. Subsequently, at defendant's jury trial, the Wrights testified against her. She was acquitted of the sale counts, but convicted of the other counts and sentenced to two concurrent prison terms of 1 to 3 years.

Defendant contends that the evidence was legally insufficient to support her conviction for conspiracy in the fourth degree.

The applicable standard of review is "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley,* 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Wood,* 299 AD2d 739, 741 [2002], *lv denied* 99 NY2d 621 [2003]). As relevant here, a person commits conspiracy in the fourth degree "when, with intent that conduct constituting * * * a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.10 [1]; *see People v Yon,* 300 AD2d 1127, 1128 [2002], *lv denied* 99 NY2d 621 [2003]). Additionally, it must be proven that one of the conspirators committed an overt act in furtherance of the conspiracy (*see* Penal Law § 105.20).

The trial evidence established that in August 2001, an alleged cocaine dealer named "Dan" or "Dante" began making trips from the City of Binghamton, Broome County to stay in defendant's trailer. Between August and October 2001, the Wrights purchased cocaine approximately 15 times from him, Towndrow or defendant. Furthermore, on October 9, 2001, a confidential informant and Newcomb, posing as his girlfriend, entered the Wrights' home seeking to purchase a gram of cocaine while Taylor waited outside. After Newcomb paid Todd Wright $130, Christine Wright left the residence and went next door to the trailer occupied by defendant and Towndrow. She gave defendant the money and defendant walked down the hall. A few minutes later, Dante came out and handed Christine Wright two baggies containing a white powdery substance and $5 change. Christine Wright returned to her house, gave the larger baggie and the $5 to Newcomb, and kept the smaller baggie, containing a "20-piece," for herself and Todd Wright as their "commission." Newcomb and the informant drove away with Taylor. On October 25, 2001, Newcomb returned to the Wrights' home accompanied by Taylor, posing as her brother, and asked to purchase more cocaine. She paid Todd Wright $125. He went next door, but returned five minutes later saying that they had to wait because "they have to cook it." After an hour, Todd Wright went back to the trailer, paid the money and once again received two baggies. He gave one to Newcomb and kept the smaller one for himself. Laboratory analysis of the baggies obtained by Newcomb confirmed the presence of cocaine.

During a postarrest interview, defendant told Detective Raymond Ogborn of the Chenango County Sheriff's Department

that the drug business was "more Towndrow's" and he handled the money. She stated that the drug business went on for approximately two months prior to her arrest, and she and Towndrow obtained cocaine for personal use from "Dan" or "Don" who came from Binghamton.

As admitted accomplices, the Wrights' testimony required corroboration (*see* CPL 60.22 [1]). To satisfy that requirement, the corroborative evidence need only "tend[] to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]), that is, provide enough " 'to assure that the accomplices have offered credible probative evidence' " (*People v Besser,* 96 NY2d 136, 143 [2001], quoting *People v Breland,* 83 NY2d 286, 293 [1994]). It need not "establish each element of the offense or even an element of the offense" (*People v Besser, supra* at 143). Defendant's own statements clearly indicate that she was a willing participant in this drug activity and "harmonize[d] with the [Wrights'] narrative[s]" of her direct involvement with the drug transactions by her statements as to the purchase price of the cocaine, collection of the money, availability of the illegal drug, "so as to provide the necessary corroboration" (*People v Steinberg,* 79 NY2d 673, 683 [1992]; *see People v Burgin,* 40 NY2d 953, 954 [1976]; *People v Zikuski,* 65 AD2d 905, 906 [1978]; *see also People v Besser, supra* at 143). In our view, this independent evidence connected defendant to the crime of conspiracy in the fourth degree in a manner sufficient to satisfy the jury that her accomplices were telling the truth. Additionally, evidence of the cocaine sales by the Wrights, and/or Towndrow or Dante satisfied the overt act requirement (*see* Penal Law § 105.20). Examining all of the trial evidence in a light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to permit the jury to conclude, based upon reasonable permissible inferences, that defendant committed the crime of conspiracy in the fourth degree beyond a reasonable doubt.

We likewise find the evidence legally sufficient to sustain defendant's conviction for criminal nuisance in the first degree. That crime is committed when a person "knowingly conducts or maintains any premises, place or resort where persons come or gather for purposes of engaging in the unlawful sale of controlled substances * * * and thereby derives the benefit from such unlawful conduct" (Penal Law § 240.46). Here, defendant's admission to Ogborn that drugs had been distributed out of her trailer for "[a]pproximately two months" satisfied the accomplice corroboration requirement (*see People v Burgin, supra* at 954; *People v Zikuski, supra* at 906). Additionally, Todd

Wright testified that he and Christine Wright purchased cocaine from defendant's trailer two or three times a week between August and October 2001. Christine Wright also testified that she made 10 to 15 cocaine purchases from defendant's trailer and that "[t]here were people in and out of [defendant's trailer] all the time." Taken together, this evidence demonstrated that defendant knowingly acquiesced in the trailer's use (*see People v Schriber,* 34 AD2d 852, 853 [1970], *affd* 29 NY2d 780 [1971]) as a "place * * * where persons [came] or gather[ed] for purposes of engaging in the unlawful sale of controlled substances" (Penal Law § 240.46). Additionally, defendant's statement to Ogborn, that she and Towndrow received cocaine from Dante for their personal use, satisfied the further requirement that she derive benefit from the unlawful conduct. We find that defendant's guilt of criminal nuisance in the first degree was established beyond a reasonable doubt.

Next, inasmuch as defendant was acquitted on the two counts charging criminal sale of a controlled substance in the third degree, we find academic her contention that County Court improperly permitted the People to amend the indictment with respect to those counts to read "cocaine," as opposed to "crack cocaine." In any event, since the amendment "[did] not change the prosecution's theory,* tend to prejudice the defendant on the merits or violate the specific prohibitions of CPL 200.70 (2)" (*People v Grimes,* 301 AD2d 953, 954 [2003]; *see generally* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.70), we find this argument lacks merit.

Next, despite defendant's lack of a prior criminal record, we are unpersuaded by her argument that the sentences imposed were harsh and excessive. We note that the conspiracy and criminal nuisance convictions are class E felonies (*see* Penal Law §§ 105.10, 240.46), and the sentences were within the statutory parameters for such crimes and not the maximum allowable (*see* Penal Law § 70.00 [2] [e]; [3] [b]). Moreover, we find no extraordinary circumstances warranting modification of the sentence in the interest of justice (*see generally People v Gilliam,* 300 AD2d 701 [2002], *lv denied* 99 NY2d 628 [2003]).

We have considered defendant's remaining contentions and find that they lack merit.

---

* We note that "[c]rack is a concentrated, smokeable form of cocaine" (Mem of State Executive Dept, 1988 McKinney's Session Laws of NY, at 1983-1984), and is a "narcotic drug" (Penal Law § 220.00 [7]; Public Health Law § 3306 [schedule II (b) (4)]), the sale of which is prohibited under criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]).

Mercure, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Chenango County for further proceedings pursuant to CPL 460.50 (5).