THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WILLIAMS, Appellant. [783 NYS2d 11]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., at hearing; Charles H. Solomon, J., at jury trial and sentence), rendered August 21, 2002, convicting defendant of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years, 25 years, 15 years and 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). Defendant's accomplice's testimony was fully corroborated by defendant's statements to the police and by physical evidence.

The court properly denied defendant's motion to suppress physical evidence and statements. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The People established that the items recovered from defendant's grandmother's home either constituted visibly incriminating evidence observed, in plain view, from a lawful vantage point (see People v Andino, 256 AD2d 153 [1998], lv denied 93 NY2d 922 [1999]), or were recovered pursuant to searches conducted with the grandmother's voluntary consent (see People v Gonzalez, 39 NY2d 122 [1976]). The People also met their burden of establishing the voluntariness of defendant's statements made to New York detectives while in custody in South Carolina (see People v Witherspoon, 66 NY2d 973 [1985]; People v Anderson, 42 NY2d 35, 38-39 [1977]). Furthermore, defendant's initial statement to the police while being transported between precincts after being returned to New York was spontaneous, as was his additional statement that followed the transporting officer's reply that he knew very little about defendant's case. This officer's response was not the functional equivalent of an interrogation requiring Miranda warnings (see People v Rivers, 56 NY2d 476, 479-480 [1982]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.