■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL MOORE, Also Known as ASANTE, Appellant. [792 NYS2d 721]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered April 30, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

After a 56-pound package arrived at the offices of United Parcel Service (hereinafter UPS) in the Town of Colonie, Albany County on Friday, October 26, 2001, the suspicions of UPS officials were aroused by several questionable occurrences concerning the parcel. When UPS first attempted to deliver the parcel, a person other than the intended addressee from a neighboring residence tried to obtain the package. Later that same day, a woman subsequently identified as Tomeico Haynes attempted to retrieve the package from the UPS office, but was refused because her identification did not match that of the addressee. Haynes tried unsuccessfully to take possession of the package again the following Monday morning.

As a result of this suspicious activity and the unusual weight of the package, UPS staff opened the box and discovered marihuana. The police were contacted and, when Haynes returned that same Monday, she was permitted to take the parcel. The package was placed in a taxi cab which drove off with Haynes and another individual, Aundrea Goodman. Defendant followed the taxi in his own vehicle. A short time later, both vehicles were stopped by the police resulting in Haynes, defendant and Goodman being taken into custody.

Defendant was subsequently charged with criminal possession of marihuana in the first degree (*see* Penal Law § 221.30). Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years in prison. Defendant now appeals and we affirm.

Initially, we find that defendant's conviction was supported by legally sufficient evidence at trial. The aggregate weight of the marihuana is not disputed and this case, therefore, distills

to a question of possession (*see* Penal Law § 10.00 [8]). Since defendant never physically possessed the package, the People were required to present "satisfactory evidence that defendant exercised dominion and control over . . . the person who actually possessed the drugs" in order to support his conviction (*People v Miller*, 13 AD3d 890, 891 [2004]; *see People v Manini*, 79 NY2d 561, 573 [1992]).

Haynes testified against defendant as part of her own negotiated plea agreement and claimed to have been initially unaware of the contents of the package due to representations made to her by defendant. She stated that each time she went to the UPS office to pick up the package, she did so at defendant's request and was accompanied by defendant, who waited outside. Haynes testified that, on the day of the arrest, defendant and Goodman picked her up in a silver Volvo and, while en route to UPS, defendant gave assurances that he had spoken with the sender of the package and, based on the sender's communications with UPS, Haynes would be permitted to take the parcel. Haynes further indicated that, as UPS personnel wheeled the package outside, she approached defendant, who was visibly nervous and proceeded to reveal to her that the contents of the parcel was marihuana. According to Haynes, defendant then summoned a taxi, indicating that he did not want to carry the package in his own vehicle. Haynes also testified that, following their arrest, defendant attempted to convince her to tell the police that the parcel was her own and that defendant had merely been helping her to retrieve it. Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that this testimony established a prima facie case of constructive possession against defendant (*see People v Manini, supra* at 574-575; *People v Swinton*, 200 AD2d 892, 893-894 [1994], *lv denied* 83 NY2d 1007 [1994]).

Furthermore, we conclude that there was sufficient nonaccomplice evidence tending to connect defendant to the commission of the instant offense (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 292 [1994]). Surveillance videotape from the UPS office showed Haynes at the times she claimed to be making her unsuccessful attempts at retrieving the package. On one occasion, Haynes was seen talking to an individual in a silver vehicle. Moreover, at the time of the final, ultimately successful, attempt at securing the package, police directly observed defendant behind the wheel of a silver Volvo as he dropped off Haynes and Goodman. As Haynes and Goodman entered the UPS office, defendant drove to a remote portion of the parking lot and waited. Police later observed Haynes exit the UPS office,

proceed to defendant's vehicle and speak with him briefly, whereupon she rejoined Goodman, entered the taxi and left, with defendant immediately following. Mindful that corroborative proof does not have to " 'establish each element of the offense or even an element of the offense' " (*People v Monday*, 309 AD2d 977, 979 [2003], quoting *People v Besser*, 96 NY2d 136, 143 [2001]) and need only provide assurance that, in this instance, Haynes has " 'offered credible probative evidence' " (*People v Besser, supra* at 143, quoting *People v Breland, supra* at 293; *accord People v Monday, supra* at 979), we conclude that the evidence sufficiently corroborated Haynes' version of the events.

In addition, we are unpersuaded by defendant's claim that the jury failed to give the trial testimony the weight it should have been accorded. While we acknowledge that Haynes' testimony was at times contradictory and inconsistent with her prior statements, we decline to find it incredible as a matter of law (*see People v Mann*, 216 AD2d 796, 798 [1995], *lv denied* 86 NY2d 797 [1995]). Moreover, these inconsistencies, as well as Haynes' criminal record and her possible motives for testifying in the instant case, were ably highlighted to the jury during extensive cross-examination (*see People v Hubert [King]*, 238 AD2d 745, 746 [1997], *lvs denied* 90 NY2d 859, 860 [1997]; *People v Batista*, 235 AD2d 631, 631-632 [1997], *lv denied* 89 NY2d 1088 [1997]). Thus, affording deference to the jury's superior ability to evaluate the credibility of the People's witnesses, we cannot conclude that the verdict was against the weight of the evidence (*see People v Nickel*, 14 AD3d 869, 871 [2005]).

Finally, we have reviewed, and found unavailing, defendant's remaining claims concerning the existence of probable cause for his arrest (*see People v Dunnett*, 157 AD2d 886, 887 [1990], *lv denied* 76 NY2d 734 [1990]) and the severity of his sentence (*see People v Hodges*, 13 AD3d 979, 980 [2004]).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.