■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN A. YOUNG, Appellant. [851 NYS2d 714]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 9, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal

possession of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was found guilty of criminal possession of a controlled substance in the third degree stemming from evidence that he possessed approximately 36 grams of cocaine on October 26, 2004 inside a residence on French Court in the City of Binghamton, Broome County. He was also found guilty of criminal possession of a controlled substance in the first and third degrees stemming from evidence that he, along with his cousin, Richard Johnson, possessed approximately 613 grams of cocaine on November 12, 2004 inside another city residence on Frederick Street. Sentenced as a second felony offender to concurrent prison terms aggregating 12 years, defendant now appeals. We affirm.

Defendant argues that the People failed to present legally sufficient evidence to establish any of the charged crimes. In particular, he claims that the People failed to present sufficient evidence establishing his dominion or control over the drugs discovered at the French Court residence and also failed to present sufficient evidence to corroborate the testimony of Johnson, an accomplice. We are unpersuaded.

We turn first to the evidence pertaining to the drugs discovered at the French Court residence. According to a City of Binghamton police officer assigned to the warrant office, he and a fellow officer went to the subject residence on October 26, 2004 in search of a particular person who had two outstanding warrants against him. A person who lived in the home permitted the officers to search inside for this person. During the course of this permitted search, one of the officers observed defendant peek his head out of a second-floor bedroom and quickly retreat back inside, closing the door.

Recognizing defendant as an individual with an outstanding parole violation warrant and having concerns for his safety, the officer summoned backup. By the time it arrived, however, defendant had absconded through a window. Inside the bedroom, cocaine was observed in plain view at the top of a large, department store-type shopping bag. The resident of the home testified that this shopping bag belonged to defendant, who had been staying in the subject bedroom for a few days. Additionally, a toothbrush inside this bag contained defendant's DNA. Viewing this evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find there is a valid line of reasoning and permissible inferences which could lead the jury to the conclusion that defendant had dominion and control over the cocaine at the French Court residence so

as to establish his guilt of criminal possession of a controlled substance in third degree (*see e.g. People v Sawyer*, 23 AD3d 845, 846 [2005], *lv denied* 6 NY3d 852 [2006]; *People v Elhadi*, 304 AD2d 982 [2003], *lv denied* 100 NY2d 580 [2003]; *People v McLeod*, 281 AD2d 746, 747-748 [2001], *lv denied* 96 NY2d 921 [2001]; *People v Fells*, 279 AD2d 706 [2001], *lv denied* 96 NY2d 758 [2001]; *People v Williams*, 195 AD2d 889, 891 [1993], *lv denied* 82 NY2d 808 [1993]; *see also People v Manini*, 79 NY2d 561 [1992]; *People v Watson*, 56 NY2d 632 [1982]).

With respect to defendant's convictions stemming from the recovery of drugs from the Frederick Street residence, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). Corroborative evidence, however, need not establish each element of the offense; rather, it must tend to connect a defendant to the charged crimes (*see People v Besser*, 96 NY2d 136, 143 [2001]). Here, while Johnson testified that he and defendant were selling drugs out of this residence and that the drugs, which were stored in a sock, belonged to defendant, other evidence presented by the People sufficiently corroborates his testimony to support the convictions.

The People presented evidence that defendant rented a second-floor bedroom at this residence and that a person known as "Al" (defendant's full name is Alvin) was selling cocaine out of the residence. Testimony of several police officers further established that, as a search warrant was being executed on the residence, a sock full of cocaine was thrown out of a second-floor window. Moreover, during the police raid, defendant ran from an upstairs bedroom and jumped out of a second-floor window.* A sizeable amount of cash, an electronic scale and cellular telephones were recovered in the bedroom from which defendant had fled. This evidence fully satisfied the accomplice corroboration requirement (*see* CPL 60.22 [1]; *People v Besser, supra*; *People v Henry*, 222 AD2d 932 [1995], *lv denied* 88 NY2d 848 [1996]; *People v Dennis*, 210 AD2d 803, 804-805 [1994], *lv denied* 85 NY2d 937 [1995]; *People v Swinton*, 200 AD2d 892 [1994], *lv denied* 83 NY2d 1007 [1994]; *People v Williams, supra*; *People v Linkhorn*, 184 AD2d 927, 927-928 [1992], *lv denied* 80 NY2d 905 [1992]).

Next, we are satisfied that County Court properly exercised its discretion in denying a defense motion to sever count one

---

* While a trained police dog was able to catch up with defendant and pin him to the ground, the dog became distracted, thus permitting defendant to get away. He was finally apprehended two weeks later.

from the other two counts (*see People v Gilmore*, 106 AD2d 399 [1984]). These counts were joinable because the "offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). Moreover, defendant failed to make a convincing showing that he had important testimony to give concerning one set of allegations but a genuine need to refrain from testifying concerning the other (*see* CPL 200.20 [3] [b]; *People v Lane*, 56 NY2d 1, 10 [1982]). Finally, defendant did not demonstrate that the jury would somehow be "confuse[d]" and thus "unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]).

Finally, we are unpersuaded that the cocaine discovered in plain view at the French Court residence during a consensual search permitted by a resident of that home was the product of an unlawful seizure warranting suppression (*see People v Black*, 14 AD3d 734, 735 [2005], *lv denied* 4 NY3d 796 [2005]; *People v Fells*, 279 AD2d at 709; *see also People v Williams*, 11 AD3d 244 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Adams*, 244 AD2d 897 [1997], *lv denied* 91 NY2d 887 [1998]) or that defendant's sentence is harsh warranting reduction by this Court.

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.