■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL J. GARDNER, Appellant. (Appeal No. 1.) [808 NYS2d 519]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 16, 2004. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and attempted grand larceny in the second degree.

It is hereby ordered that said appeal from the judgment insofar as it imposes sentence be and the same hereby is unanimously dismissed as moot and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of arson in the third degree (Penal Law § 150.10 [1]) and attempted grand larceny in the second degree (§§ 110.00, 155.40 [1]). Contrary to the contention of defendant, County Court properly denied his motion for a mistrial based on the People's delay in disclosing *Rosario* material inasmuch as defendant failed to establish that he was substantially prejudiced by the delay in obtaining the material (*see People v Goston*, 9 AD3d 905, 906-907 [2004], *lv denied* 3 NY3d 706 [2004]; *see also People v Watkins*, 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]). Indeed, the record establishes that the court afforded defendant a continuance to review the *Rosario* material and an opportunity to recall any witnesses (*cf. People v Schoolfield*, 196 AD2d 111, 118 [1994]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that the fire was neither accidental nor the result

of natural causes, and they presented overwhelming circumstantial evidence that defendant set the fire and had the financial motive to do so. Thus, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally id.*). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.