■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIKKI D. ADAMS, Appellant. [842 NYS2d 848]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 9, 2004. The judgment convicted defendant, upon a jury verdict, of arson in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]), defendant contends that the expert testimony of the arson investigator at trial improperly invaded the jury's province. Although we agree with defendant that County Court erred in allowing the arson investigator to testify that the fire was intentionally set, we conclude that the error is harmless (*see People v Champion*, 247 AD2d 901 [1998], *lv denied* 91 NY2d 971 [1998]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant failed to preserve for our review his contention that the grand jury proceeding was defective based on similar opinion testimony (*see generally People v Beyor*, 272 AD2d 929 [2000], *lv denied* 95 NY2d 832 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see id.*).

Contrary to the further contention of defendant, the evidence is legally sufficient to support the conviction, i.e., "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that defendant had stated that he "was going to get" the arson victim, he wanted the building to burn down once it caught fire, he admitted setting the fire, and his hands smelled of gasoline. Defendant failed to preserve for our review his further contention that the court erred in refusing to suppress a lighter found in his pocket (*see People v Coleman*, 56 NY2d 269, 274 [1982]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.