THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN W. DALE, Appellant. [897 NYS2d 367]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 22, 2008. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and overdriving, torturing and injuring animals.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and overdriving, torturing and injuring animals (Agriculture and Markets Law § 353). Contrary to the contention of defendant, the evidence is legally sufficient to establish that he intended to set fire to his mobile home (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). It is undisputed that defendant was alone in the mobile home at the time of the fire. The People presented the testimony of a fire investigator, who testified that the fire did not have a natural, chemical, mechanical or electrical cause, and that it was not caused by a cigarette. Furthermore, the People presented evidence that defendant repeatedly threatened to set fire to the mobile home and, indeed, had made such threats on the day of the fire. We thus conclude on the record before us that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*id.*). Defendant failed to preserve for our review his remaining contention concerning the alleged legal insufficiency of the evidence inasmuch as he did not move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Contrary to the further contention of defendant in his main and pro se supplemental briefs, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). With respect to the arson conviction, "[t]he People presented evidence establishing that the fire was neither accidental nor the result of natural causes, and they presented overwhelming circumstantial evidence that defendant set the fire" (*People v Gardner*, 26 AD3d 741, 741-742 [2006], *lv*

*denied* 6 NY3d 848 [2006]). With respect to the conviction of overdriving, torturing and injuring animals, the People presented overwhelming circumstantial evidence that the fire started by defendant in the mobile home caused the death of a dog found therein (*see generally Danielson*, 9 NY3d at 349). We further reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). The sentence is not unduly harsh or severe.

We have reviewed the remaining contentions of defendant in his main and pro se supplemental briefs and conclude that they are without merit. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.