People v Newton (2018 NY Slip Op 06381)





People v Newton


2018 NY Slip Op 06381


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


972 KA 16-02095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM E. NEWTON, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered October 3, 2016. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and reckless endangerment in the second degree (§ 120.20). Defendant contends that the evidence is legally insufficient to establish that he intentionally set fire to his vehicle. We reject that contention (see People v Dale, 71 AD3d 1517, 1517 [4th Dept 2010], lv denied 15 NY3d 749 [2010], reconsideration denied 15 NY3d 803 [2010]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence, viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), is legally sufficient to establish that the fire started on the front passenger seat of the vehicle and not in the wiring underneath the seat or in the engine, and that defendant had the opportunity and the motive to set the fire. Thus, there was "[a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally id.; People v Bowyer, 91 AD3d 1338, 1338-1339 [4th Dept 2012], lv denied 18 NY3d 955 [2012]).
Finally, we note that the certificate of conviction incorrectly recites that defendant was convicted of reckless endangerment in the second degree under Penal Law § 120.25 and it must therefore be amended to reflect that he was convicted of that crime under Penal Law § 120.20 (see People v Green, 132 AD3d 1268, 1269 [4th Dept 2015], lv denied 27 NY3d 1069 [2016], reconsideration denied 28 NY3d 930 [2016]; People v Guppy, 92 AD3d 1243, 1243 [4th Dept 2012], lv denied 19 NY3d 961 [2012]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court