People v Dillard (2020 NY Slip Op 07789)





People v Dillard


2020 NY Slip Op 07789


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1111 KA 16-00132

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARVIN A. DILLARD, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered December 1, 2015. The judgment convicted defendant upon a nonjury verdict of arson in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of arson in the third degree (Penal Law § 150.10 [1]), defendant challenges the legal sufficiency and weight of the evidence. Contrary to the contention of the People, we conclude that, under the circumstances of this case, defendant did not waive his challenge to the legal sufficiency of the evidence of arson in the third degree. Here, prior to requesting that Supreme Court consider that lesser included offense, defendant unsuccessfully challenged the sufficiency of the evidence of defendant's intent to damage a building, an element of both arson in the second degree (§ 150.15), i.e., the crime for which defendant was indicted, and the lesser included offense (cf. People v McDuffie, 46 AD3d 1385, 1386 [4th Dept 2007], lv denied 10 NY3d 867 [2008]; see generally People v Shaffer, 66 NY2d 663, 664-665 [1985]). We nonetheless conclude that defendant's contention is without merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish that defendant intended to damage the building by starting a fire (see People v Adams, 43 AD3d 1423, 1424 [4th Dept 2007], lv denied 9 NY3d 1004 [2007]; People v Utsey, 182 AD2d 575, 575-576 [1st Dept 1992], lv denied 80 NY2d 839 [1992]; People v Ames, 159 AD2d 1008, 1009 [4th Dept 1990]). "Intent may be inferred from the act itself, from a defendant's conduct and statements, and from the surrounding circumstances" (People v Hodges, 66 AD3d 1228, 1230 [3d Dept 2009], lv denied 13 NY3d 939 [2010]). The evidence established that defendant splashed a small amount of gasoline on the front steps of a house belonging to someone with whom he was angry, he threw a lighted match onto the stairs and watched it ignite, and he told the police that he did so to "make a statement" to the owner. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see People v Newton, 164 AD3d 1636, 1636-1637 [4th Dept 2018]; People v Dale, 71 AD3d 1517, 1517 [4th Dept 2010], lv denied 15 NY3d 749 [2010], reconsideration denied 15 NY3d 803 [2010]; Ames, 159 AD2d at 1009; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court