People v Roche (2024 NY Slip Op 04891)

People v Roche

2024 NY Slip Op 04891

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

679 KA 21-01446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMBER L. ROCHE, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHAEL T. JOHNSON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered September 30, 2021. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, arson in the first degree and arson in the second degree (seven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from a fire that was intentionally set in an apartment building, resulting in a fatality, defendant appeals from a judgment convicting her, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3]), arson in the first degree (§ 150.20 [1]), and seven counts of arson in the second degree (§ 150.15). We affirm.
Contrary to defendant's contention, we conclude that County Court properly denied that part of her omnibus motion seeking to dismiss as multiplicitous the counts of the indictment charging arson in the second degree. Those counts are not multiplicitous inasmuch as each count involved a different victim present in the apartment building at the time of the fire (see People v VanGorden, 147 AD3d 1436, 1439 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]; People v Cunningham, 12 AD3d 1131, 1132 [4th Dept 2004], lv denied 4 NY3d 829 [2005], reconsideration denied 5 NY3d 761 [2005]; People v Kindlon, 217 AD2d 793, 795 [3d Dept 1995], lv denied 86 NY2d 844 [1995]).
Defendant contends that the People improperly introduced, without obtaining an advance ruling and in violation of People v Molineux (168 NY 264 [1901]), testimony of four prosecution witnesses that defendant used an illegal drug on various occasions. Defendant further contends that the People improperly referred to that testimony during summation. Inasmuch as defense counsel did not object to the testimony of three of the witnesses or the prosecutor's reference during summation, defendant's contention with respect thereto is unpreserved (see People v Delacruz, 193 AD3d 1340, 1341-1342 [4th Dept 2021], lv denied 38 NY3d 926 [2022]; People v Howard, 167 AD3d 1499, 1501 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). Defendant's contention is also unpreserved with respect to the testimony of the fourth witness inasmuch as the court sustained defense counsel's objection to that testimony and struck it from the record and, "in the absence of further objection or a request for a mistrial, [the court's remedy] 'must be deemed to have corrected the error to the defendant's satisfaction' " (People v Acosta, 134 AD3d 1525, 1526 [4th Dept 2015], lv denied 27 NY3d 990 [2016], quoting People v Heide, 84 NY2d 943, 944 [1994]; see People v Contreras, 154 AD3d 1320, 1321-1322 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Howard, 167 AD3d at 1501; Acosta, 134 AD3d at 1527). We reject defendant's related contention that she was denied effective assistance of counsel by defense counsel's failure to object to that evidence. " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]), and defendant failed to meet that burden [*2]here (see People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Conley, 192 AD3d 1616, 1620 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]).
Defendant additionally contends that the court erred in failing to instruct the jury that a prosecution witness—a participant in the crime who agreed to testify against defendant as part of a plea bargain—was an accomplice as a matter of law and that her testimony therefore required corroboration pursuant to CPL 60.22. Defendant failed to preserve her contention for our review because she did not request such an instruction or object to the jury charge as given (see People v Lipton, 54 NY2d 340, 351 [1981]; People v Ortiz, 194 AD3d 1351, 1351 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). In any event, we conclude that "the failure of the court to give that instruction is of no moment, inasmuch as the testimony of the witness was in fact amply corroborated" (People v Fortino, 61 AD3d 1410, 1411 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; see People v Reed, 115 AD3d 1334, 1336 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]; People v Peoples, 66 AD3d 1419, 1419 [4th Dept 2009], lv denied 14 NY3d 843 [2010]). Consequently, we reject defendant's related contention that defense counsel was ineffective for failing to request such an instruction (see People v Clarke, 101 AD3d 1646, 1647 [4th Dept 2012], lv denied 20 NY3d 1097 [2013]; see also People v Covington, 222 AD3d 1166, 1171 [3d Dept 2023], lv denied 41 NY3d 964 [2024]; People v Barber, 133 AD3d 868, 870 [2d Dept 2015], lv denied 28 NY3d 926 [2016]; People v Leffler, 13 AD3d 164, 165 [1st Dept 2004], lv denied 4 NY3d 800 [2005]; see generally People v Caban, 5 NY3d 143, 155-156 [2005]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that, contrary to defendant's further contention, the evidence is legally sufficient to establish that defendant intended to damage the apartment building by starting the fire (see People v Dillard, 189 AD3d 2137, 2137-2138 [4th Dept 2020], lv denied 36 NY3d 1119 [2021]; People v Utsey, 182 AD2d 575, 575-576 [1st Dept 1992], lv denied 80 NY2d 839 [1992]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, even if a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see Dillard, 189 AD3d at 2138; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, her sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court